## ROYAL v. DENNISON et al.*

### No. 19,482; October 3, 1894.

#### 38 Pac. 39.

**Vendor and Vendee—Deed from Stranger.**—One to whom a person has agreed to convey land is entitled to a deed from such person, and need not accept a deed from a stranger to the contract.[1]

---

*For subsequent opinion in bank, see 109 Cal. 558, 42 Pac. 39.

[1] Cited in the note in 37 L. R. A., N. S., 1123, on whether a purchaser of real property may be required to accept a deed of a third person.

**Exchange of Lands.**—Where, in a Contract for the Exchange of land, the values of the respective parcels have been fixed, a party to the contract, who had no title to the land he contracted to convey, and who has placed himself in such a position that he cannot acquire title, cannot object to the tender of the deed by the other party because made on condition that he pay the amount fixed by the contract as the value of the land to be conveyed by him.

**Ejectment—Judgment-roll as Evidence.**—In Ejectment, Where defendant claims that plaintiff agreed to convey him the land in exchange for other land, the judgment-roll in a creditors' action against defendant to have a deed by him of his land declared void is admissible to show that defendant is unable to convey his land.

APPEAL from Superior Court, Los Angeles County; William P. Wade, Judge.

Action of ejectment by Aaron W. Royal against G. L. Dennison and others. Judgment was rendered for plaintiff and defendants appeal. Affirmed.

E. C. Bower for appellants; Geo. W. Knox for respondent.

HAYNES, C.—In ejectment to recover possession of a certain house and lot in the city of Los Angeles. The answer, after denying the averments of the complaint, for a separate answer and equitable defense alleged, in substance, that in August, 1887, the defendant G. L. Dennison purchased the demanded premises from the plaintiff, and as the consideration thereof agreed to convey to the plaintiff four certain lots in or near the city of Pasadena, and prior to the commencement of the action had tendered to plaintiff a deed for said lots, and demanded from plaintiff a deed of the demanded premises, and prayed for a specific performance of the agreement. The action was tried by the court. Findings were duly filed, and judgment for the plaintiff was entered thereon, and this appeal is by the defendants from the judgment and an order denying their motion for a new trial.

The findings are very full, and cannot be inserted in this opinion, but an outline of the facts found may be thus stated: In August or September, 1887, the plaintiff and the defendant G. L. Dennison made a verbal agreement whereby plaintiff agreed to sell to Dennison a house and lot on Courthouse street in the city of Los Angeles, at a valuation of $4,000,

to be paid for by the conveyance of four lots in "Dennison's subdivision of Fair Oaks Avenue Park tract in the Rancho San Pasqual," said lots to be taken at a valuation of $1,000 each. Dennison shortly afterward went into possession of the house and lot. At the time of the agreement the survey and subdivision of Dennison's land had not been completed, but in January, 1888, plaintiff selected and marked upon the map the four lots described in the answer. No time was ever agreed upon when the mutual conveyances were to be made. At the time said agreement of exchange was made G. L. Dennison did not have title to said four lots, but held a contract of purchase of a larger tract of which they were a part, upon which he had made one payment, and was to obtain a deed only upon full payment; that he never made any other payment, but on October 30, 1888, conveyed all his right, title and interest in said premises to Lucius Dennison, who afterward—but at what date does not appear, except that it was prior to July 8, 1890—procured title to the tract of which these lots were a part; that between December, 1887, and the last of May, 1889, the plaintiff obtained from G. L. Dennison $750 as loans, to be secured on said lots; that on July 8, 1890, plaintiff tendered to defendant G. L. Dennison a good and sufficient deed of conveyance of the house and lot, and demanded of Dennison payment of $3,250, being the agreed value of the property, less $750, the amount of said loans. Dennison refused to make such payment, and at the same time tendered to plaintiff a deed of conveyance of said four lots, executed by Lucius Dennison, but which deed the plaintiff refused to accept, the grantor therein being a stranger to the contract or agreement between plaintiff and G. L. Dennison. It was further found that on May 6, 1890, a judgment was rendered in the superior court of Los Angeles county against G. L. Dennison for $20; that on September 25, 1890, one Marriner obtained a money judgment in said court against said G. L. Dennison for $2,500; that on December 28, 1888, F. K. and O. M. Harriman foreclosed in said court a certain mortgage against said G. L. Dennison, and on March 29, 1889, a deficiency, judgment therein was docketed against said Dennison for $2,174.55; that on September 27, 1890, in an action brought by said Harrimans in said court against said G. L. Dennison and Lucius Dennison, a decree

was entered adjudging the said conveyance so made by said G. L. Dennison to said Lucius Dennison of said tract embracing said four lots to be fraudulent as to creditors, and subjecting the same to the lien of said deficiency judgment. Lucius Dennison, the father, and Robert Dennison, the brother, and G. L., were occupants of the demanded premises with G. L., and were made defendants.

Respondent contends that he was not bound to accept a conveyance of the four lots from a stranger to the contract; that G. L. Dennison, by the conveyance of the lots in question to his father, put it out of his power to fulfill his contract with the plaintiff; that such conveyance was made without his consent; that under section 1457 of the Civil Code "the burden of an obligation may be transferred with the consent of the party entitled to its benefits, but not otherwise . . . . "; that by section 1731 of the Civil Code, "an agreement to sell real property binds the seller to execute a conveyance . . . . "; that, unless it was part of the agreement that it should bind the assigns of the parties, it could not bind them, and was merely a personal contract which could not pass to their assigns except by mutual agreement. In support of this contention respondent cites La Rue v. Groezinger, 84 Cal. 281, 18 Am. St. Rep. 179, 24 Pac. 72. That case, however, clearly holds the general rule to be that contracts are assignable unless the contract provides otherwise, though the nature of some contracts may show that they cannot be assigned, though there is no language showing such intention, instances of which are stated in that case at page 285, 84 Cal., and page 72, 24 Pac. Of course, Dennison could not free himself from the burden or obligation of making a conveyance of these lots to the plaintiff without the plaintiff's consent, though either party could assign to another any benefit he was entitled to under the contract; that is, the plaintiff could assign to another his right to receive a conveyance of the four lots, and the defendant could assign his right to receive a conveyance of plaintiff's house and lot. The burden or obligation of each to make the conveyance may, however, be transferred or performed by another only with the consent of the party who is to receive such performance or conveyance. The reason therefor can be illustrated by this case. At the time the exchange of property was agreed upon, G. L. Denni-

son did not have the legal title to these lots. He had con-
tracted for their purchase, and was to receive a conveyance
upon making full payment therefor. Before obtaining title,
he conveyed them, with other property, to his father, and
thereafter the payments were completed, and the property
was conveyed to his father. A deficiency judgment was after-
ward docketed against G. L., and a suit was commenced
against him and his father to cancel or set aside said convey-
ance as fraudulent and void as against the creditors of G. L.,
and a decree was granted declaring such conveyance void as
against said creditors. The implied covenants in a grant,
bargain and sale deed from the father to the plaintiff would
only reach to encumbrances done, made or suffered by the
father, the grantor therein, and would not protect the plain-
tiff against encumbrances or liens suffered by G. L. Dennison,
and the plaintiff was entitled to this implied covenant: Civ.
Code, sec. 1113. No time having been fixed for the mutual
conveyances to be made, the conveyance of these lots by G. L.
Dennison to his father was not necessarily an abandonment
of his contract with the plaintiff. He offered to prove that
he had an agreement with his grantee that he, Lucius Denni-
son, would carry out the agreement with the plaintiff, and
convey the four lots to the plaintiff. The plaintiff objected,
and the objection was sustained. It does not appear that this
agreement was communicated to the plaintiff, or that he as-
sented thereto in any manner. The evidence was properly
excluded, as was also the deed from Lucius Dennison to the
plaintiff, upon the ground hereinbefore stated. Subsequently
the defendant G. L. Dennison, during the trial, on the 7th
of May, 1891, wrote upon said deed and executed and ac-
knowledged the following: "I, G. L. Dennison, of said county
and state, do hereby go in with the grantor herein in the
written deed to A. W. Royal, of said county and state, and
do by these presents grant, bargain and sell to A. W. Royal
all my right, title and interest in and to the property de-
scribed in the within deed, in consideration of exchange for
house and lot No. 215 Court street, Los Angeles city and
county." Whether this instrument was effectual for the
purpose of binding G. L. Dennison by the implied covenants
of a grant, bargain and sale deed, it is not necessary to inquire,
since, on the 27th of September preceding, the conveyance

made by him to his father was adjudged fraudulent as against the plaintiffs therein, and the property was thereby made subject to the lien of the deficiency judgment hereinbefore noted, and which is not shown to have been satisfied. Whether the court erred in excluding the deed with the additional instrument executed by G. L. Dennison, at the stage of the case at which it was offered, need not be decided, inasmuch as the decree above referred to being afterward introduced rendered the exclusion, if it was error, harmless.

Appellants contend, however, that plaintiff's tender of a conveyance was not sufficient to put Dennison in default, because the tender was made upon the condition that he pay plaintiff $3,250 in money; that under section 1494 of the Civil Code "an offer of performance must be free from any conditions which the creditor is not bound, on his part, to perform"; and that he was not bound to pay for the property in money. But Dennison was not at the time of the tender by plaintiff, nor, indeed, had he ever been, the owner of the legal title to these lots, and therefore could not have complied with a demand for a conveyance of them. Under such circumstances, we think he cannot object to the form of the tender, or the condition attached to it, since he was not injured by the condition. His right to insist that the plaintiff should accept a conveyance of the lots was not affected by the fact that he did not have the legal title at the time he made the contract, nor by the fact that he afterward conveyed his equitable title to his father, provided he had procured the legal title before he was required to perform his contract by a conveyance. This case does not come within the case of Burks v. Davies, 85 Cal. 110, 20 Am. St. Rep. 213, 24 Pac. 613, where the defendant had no title to a part of the property, nor any contract for the purchase of it under which he could have compelled the owner to convey the title to him. The distinction between that case and the case at bar is clearly pointed out in Easton v. Montgomery, 90 Cal., at page 315, 25 Am. St. Rep. 123, 27 Pac. 280, as well as by the remark of Mr. Justice Paterson in the former case, where it was said: "If, though he be not the absolute owner, it is in his power by the ordinary course of law or equity to make himself such owner, he will be permitted within a reasonable time to do so." Whether, if Dennison in this case had ac-

quired the unencumbered legal title to these lots before the trial, he could have compelled a specific performance by the plaintiff, we need not consider, since the title was shown to have been subject to the judgment of Harriman, if not of others.

It is contended that these judgment-rolls were improperly admitted. We think not. It was competent for the plaintiff to show that the title was not free from encumbrances. This was certainly the case as to the Harriman judgment, and if the conveyance by G. L. to Lucius Dennison was fraudulent as to one creditor it was presumably so as to all; or, if that be not the case, since one was competent and material, and would have been entirely sufficient to justify the plaintiff in refusing to accept the title, the introduction of the others could not prejudice the defendants. The date of the commencement of the Harriman suit against G. L. and Lucius Dennison, as well as of the other actions, must have been shown by the judgment-rolls which were put in evidence, but by a singular omission the date at which these several actions were commenced, and especially of the Harriman suit to set aside the conveyance, nowhere appears in the record, since the commencement of that action was a direct attack upon the title of Lucius Dennison to these lots. Every point made by appellant in his attack upon the findings has been sufficiently covered by what has been said. The findings are justified by the evidence, and support the judgment. We find no error in the record which would justify a reversal of the judgment or order appealed from, and advise that they be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.