[L. A. No. 2000. In Bank—August 13, 1907.]

THE PEOPLE ex rel. LEE A. McCONNELL, Appellant, v. CITY OF WILMINGTON, claiming and pretending to be a city of the sixth class, et al., Respondents.

MUNICIPAL CORPORATIONS—REPEAL OF SPECIAL ACT INCORPORATING—FAILURE TO ORGANIZE—CONSTITUTIONAL LAW.—The provision of section 6 of article XI of the constitution of 1879, denying the power of the legislature to abrogate or annul the special charters of municipalities antedating that constitution, applies only to such cities and towns as were organized municipalities. There is no constitutional inhibition against the passage of a special act repealing an act for the incorporation of a particular town under which no organization has ever been effected.

ID.—TOWN OF WILMINGTON.—In view of the pleadings in this case, it must be held that the town of Wilmington, the incorporation of which was provided for by the act of February 20, 1872, and the amendatory act of March 21, 1872, never organized under said acts, and never became a municipal corporation, and therefore that the acts of 1887 repealing such prior acts were valid.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Hunsaker & Britt, for Appellant.

The town of Wilmington, immediately upon the passage of the act of February 20, 1872, became duly incorporated. (*Thomason* v. *Ashworth*, 73 Cal. 73, 14 Pac. 615; 1 Dillon on Municipal Corporations, 4th ed., secs. 44, 54; Smith's Modern Law of Municipal Corporations, sec. 52, and cases cited; Cooley's Constitutional Limitations, 7th ed., sec. 165.) The

special acts of March 12, 1887, purporting to repeal the statutes incorporating the town of Wilmington are unconstitutional. (Const., art. IV, sec. 25, art. XI, secs. 6, 8, 11, 12, 13, 14, 18; *Desmond* v. *Dunn*, 55 Cal. 242; *People* v. *Hoge*, 55 Cal. 612; *Ex parte Pfahler*, 150 Cal. 71; *Wood* v. *Board of Election Commrs.*, 58 Cal. 561; *Staude* v. *Board of Election Commrs.*, 61 Cal. 313; *In re Guerrero*, 69 Cal. 88, 10 Pac. 261; *Thomason* v. *Ashworth* 73 Cal. 73, 14 Pac. 615; *Ex parte Armstrong*, 84 Cal. 655, 24 Pac. 598; *People* v. *Common Council*, 85 Cal. 369, 24 Pac. 727; *Lisher* v. *Police Court*, 86 Cal. 158, 24 Pac. 1000; *Rauer* v. *Williams*, 118 Cal. 401, 50 Pac. 691; *Ex parte Helm*, 143 Cal. 553, 77 Pac. 453.) As the territory attempted to be·incorporated embraced the town of Wilmington, the proceedings are void. (1 Dillon on Municipal Corporations, sec. 184; *Ex parte Moore*, 62 Ala. 471.) The due incorporation of the town of Wilmington was not conditional either upon the acceptance of the charter by its inhabitants, the holding of an election, or its organization thereunder. (*People* v. *Levee District*, 131 Cal. 30, 63 Pac. 676; *People* v. *San Francisco*, 36 Cal. 595, 601; *People* v. *Hill*, 7 Cal. 97, 103; *San Francisco* v. *Canavan*, 42 Cal. 541, 557; *Thomason* v. *Ashworth*, 73 Cal. 73, 14 Pac. 615; *Southern Pacific R. R. Co.* v. *Orton*, 32 Fed. 473; *City of Clinton* v. *Cedar Rapids etc. R. R. Co.*, 24 Iowa, 456; *Berlin* v. *Gorham*, 34 N. H. 266; *Cheaney* v. *Hooser*, 9 B. Mon. 330; *State* v. *Haines*, 35 Or. 379, 58 Pac. 39; *Wood* v. *Quimby*, 20 R. I. 482, 40 Atl. 161; *Smith* v. *Crutcher*, 92 Ky. 586, 18 S. W. 521; *Gorham* v. *Springfield*, 21 Me. 58; *People* v. *Wren*, 5 Ill. 269; *State* v. *Young*, 3 Kan. 445.) Any failure to exercise the franchises and powers granted by the act of February 20, 1872, could not operate as a repeal or abrogation of the statute. (*Swamp Land District* v. *Silver*, 98 Cal. 51, 32 Pac. 866; *Elliott* v. *Pardee*, 149 Cal. 516, 86 Pac. 1087.)

Gibson, Trask, Dunn & Crutcher, O. P. Widaman, and Edward E. Bacon, for Respondents.

HENSHAW, J.—This is a proceeding in *quo warranto* in which a judgment is sought declaring and adjudging that the defendant the "City of Wilmington," and the other defendants, claiming to be officers of such city, are usurping and

exercising without authority of law the franchises and powers of a city of the sixth class, and enjoining them from asserting or attempting to exercise such franchises. A general demurrer to the complaint was sustained, and, plaintiff declining to amend, judgment was rendered for defendants. From this judgment plaintiff appeals.

It appears from the complaint that on the sixth day of November, 1905, certain persons presented to the board of supervisors of the county of Los Angeles a petition praying that a portion of said county within the boundaries defined in the petition be incorporated as a municipal corporation of the sixth class, with the name of the "City of Wilmington," under an act of the legislature entitled "An act to provide for the organization, incorporation, and government of municipal corporations," approved March 13, 1883. The petition complied with the act as to the number of *bona fide* residents within the boundaries of the proposed city, and also with respect to the number and character of the signers thereof. The board of supervisors granted the prayer of the petitioners and called for an election to be held on December 22, 1905, at which election a majority voted "for incorporation," and the personal defendants were elected trustees of said proposed city; whereupon the board declared that the said city of Wilmington was duly organized and it is exercising corporate functions as such city.

The appellant does not object to the regularity of the proceedings leading to the alleged incorporation of said city, and does not attack the validity of the incorporation, except on this one ground,—namely, that most of the territory embraced in the petition was inclosed in a previously organized municipal corporation called the Town of Wilmington, and that the territory not embraced in such previously organized corporation does not contain five hundred residents—which number of residents is required by the act. It is therefore contended by appellant that the proceedings under which respondents are claiming to be a city are void, because there cannot be at the same time within the same territory two distinct municipal corporations exercising conflicting powers, and because the Municipal Corporation Act expressly applies only to territory "not incorporated as a municipal corporation." In support of this proposition the complaint avers that on February 20,

1872, [Stats. 1871-1872, p. 108,] the legislature passed an act incorporating the town of Wilmington, and that the entire territory embraced in the boundaries of the said town as thus incorporated is included within the boundary of the alleged "City of·· Wilmington," and also that on March 21, 1872, [Stats. 1871-1872, p. 446,] the legislature passed another act to amend the first act above mentioned.

Respondents' main answer to this proposition is that in 1887 the legislature passed two acts—the one repealing the act to incorporate the town of Wilmington, and the other repealing the act amending the act incorporating the said town; and as a ·fact such repealing acts were passed and approved. But appellant contends that these repealing acts were unconstitutional and void, and therefore had no effect upon the continued existence of the town of Wilmington. Its main reliance in this regard is placed on section 6 of article XI of the constitution. The second sentence of this section gives to municipal corporations organized before the adoption of the constitution of 1879 the right of continuing their existence and of saving their form of government, and this right, it is contended, is wholly inconsistent with any asserted power of the legislature to destroy them. In support of this contention reference is made to *Desmond* v. *Dunn,* 55 Cal. 243; *Staude* v. *Election Commrs.,* 61 Cal. 313; *Ex parte Armstrong,* 84 Cal. 655, [24 Pac. 598]; *People* v. *Common Council,* 85 Cal. 369, [24 Pac. 727]; *Ex parte Helm,* 143 Cal. 553, [77 Pac. 453]. Without pausing to analyse these decisions, but conceding for the purposes of this case that they go as far as appellant contends in holding that the legislature is denied the power to abrogate and annul special charters antedating the constitution of 1879, respondents show a marked and important difference between those cases and the one at bar. Those decisions, one and all, were made with reference to organized and operating municipal corporations. In the case at bar, it is made clearly to appear that the town of Wilmington, though incorporated, never became organized at all. The allegation of the complaint in this regard is as follows: "That the town of Wilmington is, and ever since the 20th day of February, 1872, has been, a municipal corporation, duly incorporated under and by virtue of that certain act of the legislature of the state of California entitled 'An act to incor-

porate the town of Wilmington, in the county of Los Angeles, in the state of California,' approved February 20, 1872, and of that other certain act of the legislature of the state of California, amendatory thereof, entitled 'An act to amend an act entitled "An act to entitle the town of Wilmington, in the county of Los Angeles, in the state of California," approved February 20, 1872, approved March 21, 1872.' "

A reading of the incorporating act of the town of Wilmington shows that for the organization of the town an election was to be held in April to select town trustees, marshal, assessor, and other officers, and that the board of trustees elected were to assemble within ten days after the notice of their election and organize. This act was approved upon February 20, 1872, and the allegation of the complaint is that ever since that day the town of Wilmington has been a municipal corporation. This allegation distinctly negatives the idea that any organization could have been effected, and amounts to nothing more than the legal conclusion of the pleader that the town became a municipal corporation because the legislature passed a certain incorporating act. This pleading respondents insist is equivalent to an admission that the inhabitants of the territory affected by the incorporation act never exercised any corporate rights or incurred any corporate duties under the act. This they assert was the ground for the ruling of the trial judge in sustaining the demurrer to the complaint for insufficiency and in allowing plaintiff ten days in which to amend to cover this defect. Plaintiff's failure to amend in this regard, they contend, is a pregnant admission that the town of Wilmington never in fact organized under the act. Respondents quote in their brief from the language of the learned trial judge as follows: "I have considered it necessary to discuss the constitutional question involved only with reference to the fact that the town government of Wilmington was never organized under the incorporation act, and in view of the fact that there may be some contention over the question as to whether there ever was such organization, the plaintiff will be allowed ten days in which to amend, should plaintiff desire to allege the fact."

In view, therefore, of the uncontested fact that plaintiff's attention was called to this omission in its pleading, and that the demurrer was sustained to it upon this ground, with leave

to plaintiff to amend, and in view of the further fact, as shown by the judgment, that plaintiff failed and refused to avail itself of this permission, the conclusion is irresistible that it was unable to do so. The real question, then, with which we are confronted, is whether the legislature has the power to repeal an act of incorporation which has stood for years upon its statute-books without organization under it. As to this we entertain no doubt that it can do so. The constitutional provisions which are relied upon deal exclusively with cities and towns which are organized municipalities. We know of no constitutional inhibition which prevents the legislature from clearing away the dead underbrush of such laws as this. A mere incorporating act, never in any way accepted, presents an entirely different case from one where the act of incorporation has been followed by organization. While in a certain sense territory becomes incorporated by the incorporating act, it is in a sense most limited. There is plain recognition of this distinction in the language of section 6 of article XI of our constitution. Thus that section, while providing that cities and towns heretofore organized *or incorporated* may become organized under general laws, in the next sentence declares, not that cities and towns heretofore *incorporated* shall be subject to and controlled by general laws, but that cities and towns "heretofore or hereafter *organized* shall be so controlled." Thus the constitution designedly protects only organized municipalities from legislative interference other than by general laws. The legislative power is plenary excepting as limited by the constitution, and there is nothing in that instrument to prevent the lawmaking power from wiping from its statute-books an incorporating act under which no organization has ever been effected. Not only may the legislature do this, but it may often be desirable that it should be done, to the very end that a new municipality incorporated and orgainized under the existing general laws of the state may proceed with its corporate duties without the possibility of embarrassment. For this reason the demurrer was properly sustained, and the judgment appealed from is affirmed.

McFarland, J., Sloss, J., Angellotti, J., Shaw, J., Beatty, C. J., and Lorigan, J., concurred.

Rehearing denied.