[Civ. No. 321.  Second Appellate District.—January 11, 1908.]

## LEE A. McCONNELL, Respondent, v. BOARD OF SUPERVISORS OF THE COUNTY OF LOS ANGELES et al., Appellants.

Town of Wilmington—Repeal of Incorporation Act of 1872—Power of Legislature Under New Constitution—Prior Organization—Question of Fact.—The validity of the repeal of the act of 1872, providing for the incorporation of the town of Wilmington, in 1887, after the adoption of the new constitution of 1879, depends upon the question of fact whether there was or was not an organization effected by the town prior to the new constitution.  If no organization was previously effected, the repeal was effective; otherwise not.

City of Wilmington—Incorporation Under General Law—Power of Supervisors—Decision of Fact Against Prior Organization.—The board of supervisors of Los Angeles county, upon the hearing of a petition for the incorporation of the city of Wilmington, under the general act of 1883, signed by the requisite number of residents in the locality affected, had jurisdiction to decide the fact that no prior organization of the town was effected, and to declare the incorporation of the city, including all of the territory within its boundaries, without regard to the town limits.

APPEAL from a judgment of the Superior Court of Los Angeles County.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

James C. Rives, E. A. Meserve, Bicknell, Gibson, Trask, Dunn & Crutcher, and Edward E. Bacon, for Appellants.

Hunsaker & Britt, and James S. Bennett, for Respondent.

ALLEN, J.—Appeal from a judgment of the superior court of Los Angeles county.

The board of supervisors of Los Angeles county, under the provisions of an act of the legislature approved March 13, 1883 (Stats. 1883, p. 93), upon the hearing of a petition signed by the requisite number of residents of the locality affected, and after determining that all preliminary notices had been given and election held as required by such act,

7 Cal. App.—25

386 McConnell *v.* Board of Supervisors. [7 Cal. App.

made its order directing that all of the territory embraced within certain boundaries set out in said order "is a duly incorporated municipal corporation of the sixth class, under the name and style of the 'City of Wilmington.'" Petitioner, a resident and taxpayer of Los Angeles county and the owner of real property within said city, filed his petition in the superior court of Los Angeles county, alleging want of jurisdiction in the board of supervisors to order such incorporation, and praying said court for a writ of review, and that upon the hearing thereof said order be annulled. The superior court upon the hearing vacated and set aside said order of incorporation. From this judgment the defendants appeal.

The vital question involved upon this appeal, and the one upon which the judgment of the lower court was based, relates to the constitutionality of the act of the legislature passed in 1887 [Stats. 1887, p. 108], repealing a former act of February 20, 1872 [Stats. 1872, p. 108], entitled: "An Act to incorporate the town of Wilmington," as well as a certain act amendatory thereof. It is petitioner's contention that under the constitution the legislature could not repeal an act creating a municipality in existence at the date of the constitution, as such instrument guaranteed to municipal corporations organized theretofore the right of continuing their existence and of saving their form of government. Our supreme court in *People ex rel. McConnell* v. *City of Wilmington,* 151 Cal. 649, [91 Pac. 524], has determined that the guaranty referred to extends only to such municipalities as were organized before the adoption of the constitution and does not prevent legislation where the corporation, although previously created, has failed to organize as such. The matter of organization previous to the adoption of the constitution, then, became a fact to be heard and determined by the board of supervisors upon a hearing of the petition for incorporation. It had jurisdiction to hear and determine this question. If, as a fact, the town of Wilmington had not organized under the act of 1872, the act of 1887 became operative and the territory embraced within the petition was subject to the order of the board with reference to incorporation. Respondent's contention is that the action of the board of supervisors upon such hearing was judicial; upon that assumption the intendments in favor of the regularity

of the judgment of such board, nothing to the contrary appearing, will presuppose the taking of testimony with reference to such previous organization. In our opinion, the board of supervisors was not without jurisdiction, and, so far as disclosed by the record, its order creating the municipality was warranted.

The judgment of the superior court is reversed.

Shaw, J., and Taggart, J., concurred.