[No. 8655.   Department Two.—March 30, 1886.]

THOMAS CHENEY ET AL., RESPONDENTS, *v.* JOHN O'BRIEN, APPELLANT.

RIGHT OF WAY — PRESCRIPTION — OCCASIONAL DIVERGENCE. — The acquisition of a right of way by prescription is not affected by the fact that occasionally, when the ground was soft, the adverse users turned out of the way at a certain point, and made several distinct tracks there.

ID. — WAY OF NECESSITY — TERMINUS OF WAY MAY BE A BY-ROAD. — A right of way of necessity may be acquired over the land of another, although the road to which the way leads is not a county road, but a mere by-road open to the public.

ID. — OBSTRUCTION OF WAY — ACTION TO ABATE — DEDICATION OF PUBLIC HIGHWAY — EVIDENCE. — In an action to abate an obstruction to a right of way of necessity, the plaintiff is not required to show that the road to which the way leads had ever been formally laid out or dedicated so as to make it a public highway.

ID. — TITLE TO INTERVENING LAND — PAROL EVIDENCE OF. — The plaintiff in such an action, for the purpose of showing the necessity of the right of way, may prove by parol that the land lying between their land and the county road belongs to a third person.

PLEADING — AMENDMENT — DISCRETION. — An application to amend a plead-ing is addressed to the sound discretion of the court, and unless it clearly appears that the rights of the adverse party have been prejudiced by the amendment, he will not be heard to complain of it.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The action was brought to procure the abatement of an obstruction of a right of way over land owned by the defendant. The court found that the plaintiffs became entitled to the right of way of necessity, and had been in the continuous, uninterrupted, and adverse use of it for more than five years immediately preceding the erection of the obstruction by the defendant. The further facts are stated in the opinion.

*George Pearce,* for Appellant.

*William D. Bliss,* for Respondents.

BELCHER, C. C.—After carefully going over all the evidence presented in the transcript, we are unable to see that it does not justify the findings of the court. Upon some points there is a slight conflict, but that was a matter for the court below to consider and determine.

The way over the defendant's land, which he was alleged to have obstructed, was a "way of necessity," and besides, had been used by the plaintiffs long enough to give them a right to it by prescription. The fact that when the ground was soft the plaintiffs had sometimes turned out at one point, and made as many as seven different tracks there, did not affect their rights to the way. Nor was it material whether the road to which the way led was a county road, as testified to by one of the plaintiffs, or a mere by-road, as testified by defendant. It appeared without contradiction to be a road which the

plaintiffs and others had used for a good many years, and that was all that was necessary for the purposes of the case.

In the progress of the trial, four objections and exceptions to the admission of evidence were taken by the defendant, and the rulings are assigned as errors.

The first two relate to the road above referred to. A witness for plaintiffs, in giving his testimony, at one time called the road a highway, and at another time a county road. The defendant objected that the testimony was secondary and incompetent, and moved to strike out the answers.

We do not think the plaintiffs were called upon to show that the road had been formally laid out or dedicated so as to make it a public highway. It was beyond the defendant's land, and no question was raised as to the right of the plaintiffs to pass over it. Whether it was correctly designated by the witness or not was therefore altogether immaterial.

The next two objections were to questions in reference to the ownership of the land lying east of the plaintiffs' land, and between that and the county road.

A witness for the plaintiffs testified that prior to 1861 a Mr. Wardlow owned the land referred to, and a Mr. Carriger was in possession of it as his agent, and again that Mr. Wardlow claimed to be the owner of it. Counsel for defendant objected to the evidence, upon the ground that it was secondary and incompetent, and then moved the court that it be stricken out.

To establish their right to what is known as a "way of necessity" over defendant's land, the plaintiffs were required to show, among other things, that they had no other access to the county road. To this end they were attempting to show that, when they received their deed, the land lying between this land and the county road was the land of a stranger. This could be shown by parol, and it was not necessary in the first instance to

introduce record evidence of the stranger's title.    (Code Civ. Proc., sec. 1963, subd. 11, 12.)

After the trial had commenced, the plaintiffs asked leave to amend their complaint by striking out certain words from it.    The defendant objected, but the court overruled the objection, and allowed the amendment to be made.    The defendant reserved an exception to the ruling, and now assigns it as error.    Applications to amend pleadings are addressed to the sound discretion of the court, and unless it clearly appears that the rights of the party objecting have been prejudiced by the amendment, he will not be heard to complain of it.

Here, after the amendment was made, it was agreed by the parties that the answer should stand as the answer to the amended complaint, and the defendant then, without objection, went on with the trial.    No injury is pointed out, and we are unable to see how any could have resulted from the amendment.

We find no error in the record prejudicial to the appellant, and the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.