[No. 13874.   In Bank. — August 19, 1890.]

# THE PEOPLE EX REL. O. C. MILLER, PETITIONER, *v.* THE COMMON COUNCIL OF THE CITY OF SAN DIEGO ET AL., RESPONDENTS.

MANDAMUS — MUNICIPAL ELECTION — DOUBLE STATUTE — PETITION. — A petition for a writ of mandate to compel the submission of a certain question to the electors of a city concerning the separation of certain lands from the territory under the municipal jurisdiction of said city need not state under which of two acts the election should be called, where the two acts are identical so far as is material to the petitioner's case.

ID. — PRESUMPTION — ORDERING ELECTION — DUTY OF COMMON COUNCIL — PEREMPTORY MANDATE. — Where the common council and mayor of a city have refused to order an election, as provided by statute, it is to be presumed that they refused on account of some honest doubt as to their power in the premises, and that they will proceed to perform their duty as prescribed by the statutory law immediately upon being informed of the decision of the supreme court upholding their power so to do, and the supreme court will not order the election and fix the day therefor upon granting a *mandamus* to compel the calling of the election.

PLEADING — ALLEGATIONS OF LAW. — When a petition or complaint states facts which, under the law, warrant the relief prayed for, there is no necessity to put the law itself into the pleading.

CONSTITUTIONAL LAW — SPECIAL AND LOCAL STATUTE — MUNICIPAL CORPORATIONS — CHANGE OF TERRITORY OF SAN DIEGO. — An act directed at and applicable to one particular named municipal corporation alone, which takes away a large part of its territory, is special and local within the meaning of the constitution, and in violation of the provisions of that instrument about municipal corporations; and therefore the act of March 16, 1889, amending an act to reincorporate the city of San Diego, and containing a description of the territory that should thereafter constitute the said city, is unconstitutional and void so far as it undertakes to exclude or take away any part of the territory under the municipal jurisdiction of San Diego.

APPLICATION to the Supreme Court for writ of mandate to the common council and mayor of the city of San Diego. The facts are stated in the opinion of the court.

*Attorney-General Johnson,* and *Harry L. Titus,* for Petitioner.

*James P. Goodwin,* for Respondents.

McFARLAND, J.—This is a petition for a writ of *mandamus* to compel the persons composing the common council of the city of San Diego, and the mayor of said city, to submit a certain question to the electors of said city concerning the separation of certain lands from the territory now under the municipal jurisdiction thereof. An alternative writ issued, and the case was heard and submitted upon a demurrer and answer to the petition.

We have been urged to decide the case speedily; but no brief has been filed by respondents, and not a very elaborate one by petitioner.

·On March 19, 1889, an act of the legislature was approved, entitled "An act to provide for changing the boundaries of cities and municipal corporations, and to exclude territory therefrom." (Stats. 1889, p. 356.) This act consists of three sections. On the next day— March 20, 1889—another act was approved, having the same title as the one first above named. (Stats. 1889, p. 433.) This last act contains only two sections. Section 3 of the first act and section 2 of the second act merely contain a provision that the act shall go into effect immediately. Section 1 in the second act is literally the same as section 1 in the first act, except that it does not contain the words "or if there is no newspaper published in said corporation, then in some newspaper published in the county in which said corporation is situate." Section 2 of the first act does not appear in the second act; but that section merely provides for certain things to be done in the event that the election shall go against separation or exclusion. All of the first act which is material to the case at bar is contained in section 1 of that act, which, as before said, is identical with section 1 of the second act,—with the trifling exception above noted. Therefore, the second point of the demurrer, that the petition is ambiguous and uncertain, because it does not state under which of said two acts the election should be called, is not tenable. The two acts are iden-

tical. Moreover, when a petition or complaint states facts which, under the law, warrants the relief prayed for, there is no necessity to put the law itself into the pleading. The only other point in the demurrer is, that the petition does not state facts sufficient to constitute a cause of action. This point is also untenable, as will appear upon examination of the issues raised by the answer. The demurrer is overruled.

Section 1 of each of the acts above referred to commences as follows: "The boundaries of any city or municipal corporation may be altered, and territory excluded therefrom, after proceedings had as required in this section. The council, board of trustees, or other legislative body of such corporation, *shall*, upon receiving a petition therefor, signed by not less than one fifth of the qualified electors thereof, as shown by the vote cast at the last municipal election held therein, submit to the electors of such corporation the question whether such territory as is proposed by such petition shall be excluded from such municipal corporation and cease to be a part thereof." The section then proceeds to state the manner in which the question shall be proposed to the electors; how the notice of the election shall be given; the character of the ballots to be used; that the legislative body shall designate the time and places at which the polls will be opened, and the officers of such election, and that it shall meet on a certain day after the election, canvass the vote, and declare the results, etc., and that if a majority of the votes in the whole corporation, and also a majority in the territory proposed to be excluded, shall be in favor of such exclusion, then such territory shall cease to be a part of such corporation.

For the purposes of this case there is no need of any further statement of the details of said acts.

The petition states that the city of San Diego is a duly organized and existing municipal corporation; that certain persons named as defendants constitute the common

council and mayor of said city, and form the legislative body of said city; that the number of votes cast at the last municipal election, held April 2, 1889, was 3,111; that on March 17, 1890, a petition was duly presented to said common council, signed by more than one fifth of the qualified voters of said city, asking that the question be presented to the qualified voters of said city (at a special election, etc.), of altering the boundaries of said city by excluding a certain described territory known generally as Coronado Beach; that said petition was referred by said common council to a special committee, who reported that the petition contained the required number of signers, and recommended that the prayer of the petitioners be granted; but that said common council expressly refused, and continue to refuse, to call any election, or to submit said question to the electors, although requested so to do.

The answer first denies, upon information and belief, that the petition contains one fifth of the qualified electors of the city; but at the hearing it was expressly admitted by respondents, in open court, that the statement of the petition on that matter is true.

2. The second defense is, that respondents are unable to determine under which of the two acts, hereinbefore mentioned, the petitioner is seeking to proceed. This point has already been decided against respondents when passing on the demurrer.

3. As a third defense, respondents say that the said act of March 19, 1889, "is unconstitutional and void in this, that it is against public policy." No reason is given, and we see none, for this position.

4. The fourth and last defense set up in the answer — and the only one at all plausible — is based upon an act of the legislature approved March 16, 1889. (Stats. 1889, p. 302.) This act is entitled " An act to amend an act entitled ' An act to reincorporate the city of San Diego,'" and it contains a description of the territory

that shall thereafter constitute the said city. And we understand respondents to contend that by said amendatory act Coronado Beach is taken away from the city of San Diego, and therefore there is no necessity for any further action to accomplish that result. This is, in the first place, inconsistent with the answer, which does not deny the averment of the petition that Coronado Beach is now a part of said city. And in the second place, if said act of March 16, 1889, has the effect claimed, it is clearly unconstitutional. It is an act which is intended to apply to, and by express language does apply to, the city of San Diego alone; and if an act directed at and applicable to one particular named municipal corporation alone, and taking away a large part of its territory, is not special and local within the meaning of the constitution, and in violation of the provisions of that instrument about municipal corporations, then it is difficult to imagine an act that, for those reasons, would be unconstitutional. No argument to the contrary which requires examination has been suggested. The said act of March 16, 1889, so far as it undertakes to exclude or take away any part of the territory under the municipal jurisdiction of San Diego, is therefore unconstitutional and void. And this being so, there is no reason why the respondents should not perform the duty specially enjoined upon them by said act or acts of the legislature first above mentioned. It is not contended that *mandamus* is not the proper remedy.

Petitioner asks that this court itself order the election and fix the day therefor. We shall not examine into our authority to do this. It is to be presumed that respondents refused to order the election on account of some honest doubt as to their power in the premises. We shall assume that they will proceed to perform their duty as prescribed by the statutory law *immediately* upon being informed of this decision. No further action by this court is at present necessary.

Let a final and peremptory writ issue as prayed for in the petition.

PATERSON, J., SHARPSTEIN, J., FOX, J., THORNTON, J., and BEATTY, C. J., concurred.