## IN RE EXTENSION OF BOUNDARIES OF THE CITY OF DENVER.

1. CONSTITUTIONAL LAW—SPECIAL CHARTERS.

Legislation which may be fairly considered as revisory or amendatory to the charter of a city incorporated by special act of the territorial legislature is not inhibited by the constitution.

2. LIMITATION TO POWER TO AMEND.

The corporate existence of towns adjoining the city of Denver and incorporated under the general laws cannot be destroyed under the guise of amending the charter of Denver.

THE opinion of the court was given in response to a resolu-

tion by the honorable house of representatives, having reference to the constitutionality of a bill for an act entitled, "An Act to revise and amend the charter of the city of Denver."

PER CURIAM. The city of Denver was incorporated by a special act of the territorial legislature, previous to the institution of the state government. In reference to such municipal corporations the framers of our state Constitution provided, in section 14 of article XIV, as follows:

"The general assembly shall also make provision by general law whereby any city, town or village, incorporated by any special or local law, may elect to become subject to, and be governed by the general law relating to such corporations." In a number of cases this provision has been held as conferring upon such corporations the right to retain their corporate existence, and also that any legislation which may be fairly considered as revisory or amendatory to such charters is not inhibited by this, or any other provision of the fundamental law: *Brown v. The City of Denver*, 7 Colo. 305 ; *Carpenter v. The People*, 8 Colo. 116 ; *Darrow v. The People*, Ib. 426.

By the bill before us it is sought to extend the boundaries of the city of Denver beyond the present limits of the city, and include therein thirteen other municipalities, incorporated under the general laws of the territory and state. The principal question therefore is, can the legislature so amend the charter of the city of Denver as to wipe out the corporate existence of other municipalities, and include the territory thus covered in an amended charter of the city of Denver.

That the proposed act is special in character is admitted. Section 25 of article V of the Constitution provides that the general assembly shall not pass local or special laws in certain enumerated cases, nor in any other case where a general law can be made applicable.

It is contended, however, that as to whether a general law can be made applicable is a matter for the legislature and not for the courts to determine. As far as the organization

and classification of cities and towns is concerned, the framers of our constitution have put the matter at rest by section 13 of article XIV of the state Constitution. The section reads as follows:

" The general assembly shall provide by general laws for the organization and classification of cities and towns. The number of such classes shall not exceed four, and the powers of each class shall be defined by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions."

As to whether or not any amendment to the city charter of the city of Denver could be made by a special act, in view of the provisions of this section, was for a long time a subject of grave discussion. It was finally set at rest by this court in the cases cited, *supra*. As we have seen, however, it is not every amendment that can be permitted under this section. To make such amendment free from constitutional objection, it must be of such character as to be fairly considered as revisory or amendatory of the charter existing prior to the adoption of the constitution. See *Darrow v. The People, supra*.

Under the guise of amending the charter of the city of Denver, it was never contemplated, in our judgment, that adjoining towns, incorporated under the general law of the state, could have their corporate existence destroyed. If the proposed legislation can be upheld, then it is difficult to conceive of any legislation with reference to the corporate boundaries of the city of Denver that cannot be enacted as an amendment to the present charter.

Should it be contended that section 13 of article XIV furnishes an inhibition only in reference to the organization and classification of cities and towns, and that the legislature may, by special act, disincorporate such cities and towns, the answer is apparent. If the latter is not directly inhibited by the letter of the constitution, it is certainly opposed to the spirit of the provision. The object being to free all towns and cities from local or special legislation, it is clear that the inhibition of the section must be held to extend to the disin-

corporation, as well as the incorporation of such cities and towns.

Aside from this, the inhibition of section 25 of article V against local or special laws must not be lost sight of. If it be granted that it is within the province of the legislature to determine whether or not a general law can be made applicable in a given case, then so far as the applicability of such law to the annexation of contiguous cities and towns is concerned, the question has already been decided in the affirmative by the legislative department of the government. General Laws (1877), p. 876 *et seq.;* Session Laws (1885), p. 372 *et seq.;* Mills' Ann. Stat., sec. 4374 *et seq.;* see also, *People v. Common Council,* 85 Cal. 369; *Humbleton v. The Town of Dexter,* 89 Mo. 188; *The State v. City of Cincinnati,* 20 Ohio State, 18; *Van Riper v. Parsons,* 40 N. J. Law, 1.

In our opinion the power of the legislature to annul the corporate existence of the adjoining towns by an amendment to the special charter of the city of Denver, as provided by the bill submitted, must be denied.