[Civ. No. 648. Third Appellate District.—October 18, 1909.]

## F. H. GREEN et al., Appellants, v. JAMES GAVIN et al., Respondents.

MINING CLAIMS—LOCATION—DEPARTURE FROM USUAL ORDER OF PROCEDURE—COMPLETION PRIOR TO ADVERSE CLAIM.—It is universally held that where every act necessary to complete the location of a mining claim has been done before an adverse claim has accrued, the order in which such acts have been performed is immaterial; and any departure from the usual order is entirely without prejudice to anyone, and could not inure to the benefit of subsequent locators.

ID.—NOTICE POSTED OFF CLAIM—RECORD—MARKING OF BOUNDARIES—SECOND NOTICE POSTED ON CLAIM—DEVELOPMENT—ADVERSE LOCATION.—Where, after the discovery of a mining claim, the notice of location was posted on a tree supposed to be on the claim, and was duly recorded the following day, and the boundaries were sufficiently marked on the ground, after which it was discovered that by mistake it was outside of the location, whereupon a new copy of the location notice was posted on the ground, and after such completed location development work was in full progress when an adverse location was made, the circumstance that there was no new record of the subsequent location, and that the record made preceded the same is immaterial, as against such locators.

ID.—SUFFICIENCY OF CONSTRUCTIVE NOTICE BY RECORD—CUSTOMARY NOTICE.—As far as the constructive notice required by the custom of miners is concerned, it had been fully given, and its object accomplished before the second notice was posted. Neither the law nor custom requires an idle act.

ID.—POSTED AND RECORDED NOTICES—IDENTITY—OMISSION OF NAME OF WITNESS IN SECOND POSTING.—The posted and recorded notices are only required to be substantially identical. The circumstance that the notice first posted and the record thereof bore the name of a witness, and that the second notice posted omitted such name, is entirely immaterial.

ID.—ALLOWANCE OF AMENDMENT TO ANSWER TO SET UP FIRST INEFFECTUAL POSTING AND SUBSEQUENT POSTING.—The allowance of an amendment at the trial to set up the facts as to the first ineffectual posting and as to the subsequent posting on the claim could not have injured the appellant.

ID.—DISCRETION AS TO AMENDMENTS—LIBERAL EXERCISE.—The rule is well settled that the court should liberally exercise its discretion in allowing amendments so that the cause may be determined upon its merits.

ID.—FINDINGS—SUPPORT OF JUDGMENT—IMMATERIAL FINDINGS.—
Where the findings fully support the judgment, the finding as to
the facts connected with the first posting is immaterial, and can-
not affect the judgment.

APPEAL from a judgment of the Superior Court of Placer
County, and from an order denying a new trial.   J. E. Prew-
ett, Judge.

The facts are stated in the opinion of the court.

Tuttle & Tuttle, for Appellants.

W. H. Slade, and J. M. Fulweiler, for Respondents.

BURNETT, J.—The action is to quiet title and the vital
question in the case involves the validity of a mining location
made by respondents.   The facts are substantially without
controversy and may be stated as follows: On February 12,
1905, the respondents discovered mineral in paying quan-
tities on the claim in dispute, and on the following day posted
a notice of location on a tree plainly visible thought to be
on or near the west line of the claim, but which a subsequent
survey showed to be some two hundred and eighty-eight feet
west of said line.   An identical copy of this notice was re-
corded in the county recorder's office on the twenty-third
day of February, 1905.   These two instruments were in
proper form, were signed by the locators, witnessed by one
George Adams, and dated February 13, 1905.   On this latter
date respondents went around the claim, placed stakes at what
they believed to be the four corners, marked trees and brushed
out the lines, so that the boundaries could be readily traced,
and immediately began the work of development of the mine
which had not ceased at the time of the trial of the action.
On the twenty-ninth day of February, 1905, one of the re-
spondents posted near a trail on the easterly side and actually
on the claim an additional notice sufficient in all respects and
exactly like the first notice, with the single exception that it
did not contain the name of Adams as a witness.   On the nine-
teenth day of December, 1905, while respondents were in
possession of the claim and engaged in developing it, appel-
lants, with knowledge of the foregoing facts, posted on the
same claim their notice of location, and, as respondents would
not yield possession, this action was begun.

The claim is located in what is known as the "Brushy Mining District" in the county of Placer, and it was stipulated that the custom of miners in said district at all the times mentioned required the posting of a location notice upon the mining ground claimed or attempted to be located, and recording of a copy thereof with the county recorder of the county. It does not appear from the stipulation in what order these acts were required to be performed, but there was evidence to the effect—and it would seem natural and reasonable to conclude—that the practice was first to post and afterward to record the notice. But in the case at bar, we consider this circumstance entirely immaterial, as all the acts required for a valid location of a mining claim had been performed by respondents long before appellants entered upon the ground, and the aforesaid departure from the usual order of procedure was absolutely without prejudice to anyone and could not inure to the benefit of the subsequent locators.

A statement of the foregoing facts would seem to be sufficiently confirmatory of the lower court's decision, but there is abundant authority for its support. In *Thompson* v. *Spray,* 72 Cal. 333, [14 Pac. 185], it is said: "Does the fact that the notice was recorded before it was posted render it invalid? We think not. No record is necessary in the absence of a custom requiring it. . . . But if such a custom were shown, we do not think the mere order in which the acts are done of sufficient importance to render them of no effect." The following statement in *Kern Oil Co.* v. *Crawford,* 143 Cal. 302, [76 Pac. 1112], in reference to the marking of the boundaries is applicable also to the acts required by custom: "Technical accuracy, either in the location of the stakes or in the wording of the notice, is not required. If a third party, intending to locate, can readily ascertain from what has been done by the prior locator the extent and boundaries of the claim so located, then the object of the statute has been accomplished."

The matter could hardly be stated more clearly than in *Dwinnell* v. *Dyer,* 145 Cal. 21, [78 Pac. 253], wherein, through Chief Justice Beatty, the court declares: "Under the law of Congress, under the laws of this state, and under every code of district laws adopted by miners that has come to my notice, the prescribed order of the acts necessary to a valid location is, first, the discovery of mineral-bearing rock in place; second, the posting of notice at or near the point where the

ledge is exposed; next the recording of notice; and finally the work of development. But although this is the natural and proper order of procedure, it is not obligatory in the absence of intervening right. It is indeed universally held that when every act necessary to complete a location has been done before an adverse claim has accrued, the order in which such acts have been performed is immaterial. If, for instance, a locator before the discovery of any lode begins by first marking out a surface claim, his location is perfected if he develops a lode within his boundaries, before a good location is made by an adverse claimant.''

No one would deny that respondents, having made a mistake in posting the first notice without the boundaries of their claim, could supply the omission by posting the notice properly. But appellants insist that thereafter the notice should have been recorded. But what purpose could have been accomplished by repeating an act already performed? As far as the constructive notice required by the custom is concerned, it had been fully given and its object accomplished. Neither the law nor custom requires an idle act. Appellants state that "the first notice was invalid because posted without the claim, and the second or additional notice was invalid because the same was never recorded, prior to the time of our location.'' But the argument is based upon a misconception of the notice required to be recorded. All that is contemplated is that the claimant shall post upon the ground a written statement, signed by him and properly dated, containing the information that he claims the land as a mining claim, with a description of it sufficient for identification, and that he shall record a similar notice in the recorder's office. The posted and the recorded notices are not required to be identical. They should, of course, be substantially alike. The only difference here relating to the name of a witness is entirely immaterial.

As under the admitted facts the trial court could have reached no different conclusion, it is necessary to consider only one ruling, which relates to an amendment to the answer. It seems that the cause went to trial upon the averment by defendants that the location notice was posted on the 29th of February, 1905, and that a copy of said notice was recorded on the thirteenth day of said month.

After trial but before judgment, upon due notice given, the court allowed an amendment to the effect that on February 13th, a notice was posted near and upon said land, and that thereafter "on or about the twenty-ninth day of February, 1905, the said James Gavin, acting for himself and for his said colocators of said mining claim, again posted on said mining claim a full, true and correct copy of said notice of location of said claim, containing the names of said locators, the date of said location, to wit, the thirteenth day of February, 1905, and a correct description thereof, except that the name of the witness, George Adams, to said location was omitted therefrom." The amendment was probably unnecessary, as the ineffectual posting of February 13th need not have been alleged, but the facts were received in evidence without objection, and it is impossible to conceive how appellants could be injured by the allowance of the amendment.

The rule is well established that the court should liberally exercise its discretion in allowing amendments, so that the cause may be determined upon its merits. (*Bean* v. *Stoneman,* 104 Cal. 49, [37 Pac. 777, 38 Pac. 39] ; *Carter* v. *Lothian,* 133 Cal. 451, [65 Pac. 962].)

It may be remarked that the court found in accordance with the evidence that the first notice was posted "near to said mining claim," and not "near and upon said land," as alleged in the amendment. But this circumstance is of no moment, as all the material facts are alleged in the answer and found by the court that are required to support the judgment.

The decision of the trial court is clearly right, and the judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1909.