[Civ. No. 1013.   Third Appellate District.—December 17, 1912.]

# FREDERICK H. DIECKMANN, CARL DIECKMANN, and DOROTHEA B. DIECKMANN, Plaintiffs and Respondents, v. MARIE E. MERKH and ALBERT G. MERKH, Defendants and Appellants.

PLEADING—TRIAL UPON AMENDED COMPLAINT — ORIGINAL COMPLAINT SUPERSEDED—ERROR IN OVERRULING DEMURRER IMMATERIAL.—Where issues were joined and a trial had upon an amended complaint, the original complaint is thereby superseded, and alleged error in overruling a demurrer to the original complaint is immaterial. This rule of supersedure applies to an amendment to the complaint to conform to the proofs.

ID.—AMENDMENT OF COMPLAINT TO CONFORM TO PROOFS—DISCRETION—ISSUES NOT RETRIED—PRESUMPTION.—It is not an abuse of discretion to allow an amendment of the complaint to conform to the proofs, without having the issues retried, though issue was formally joined upon the subject matter of the amendment, where the record shows that there was evidence before the court upon the very matter embraced in the amendment. It must be presumed in such case that no objection was made to the amendment, and that defendants were content to submit the formal issues thus joined on the evidence already before the court. If defendants desired further evidence, they should have so advised the court. They were not entitled to retry the case.

CONSTRUCTIVE TRUST—DEED OF LAND BY AGED FATHER TO DAUGHTER—PAROL AGREEMENT — EQUAL DIVISION AMONG FOUR CHILDREN AT DEATH—BREACH—ENFORCEMENT IN EQUITY.—Where an aged father, implicitly relying on his daughter's promise that she would divide his land equally among his four children at his death, had deeded the land to her, and there was a breach of such agreement by the daughter, who after her father's death, claimed the property as her own, a court of equity will enforce a constructive trust against her at the instance of the other three children, by compelling a conveyance of the one-fourth interest to which each of them is entitled.

ID.—SUFFICIENCY OF PROOF OF TRUST UNDER CONVEYANCE BY PAROL EVIDENCE—RULE AS TO CONVINCING PROOF FULLY MET.—The rule that, in order to prove a trust by parol evidence under a conveyance absolute in its terms, the evidence must be clear, absolute, and convincing, is held to have been fully met by the parol evidence in the present case.

Id.—Evidence Properly Admitted—Offer of Trust Declined by Other Children — Agreement upon Daughter — Promise of Daughter in Their Presence Before Deed.—Evidence was admissible to show that in the negotiations for a trust, it was offered by the father to other children, each of whom declined the same, that they agreed that the trust should be placed in the daughter, and to show the promise of the daughter in their presence to the father before the deed was signed: "You know I will do right. I will share with the others equally."

Id.—Construction of Code—Rules as to Parol Evidence—Trust by Confidence and Conduct—Rule as to Express Trust Inapplicable—Trust "by Operation of Law."—A trust arising out of personal confidence reposed in and voluntarily accepted by one for the benefit of another, under section 2216 of the Civil Code, and which is violated by personal conduct under section 2224 thereof, may be proved by parol evidence. The rule as to express trusts prohibited under sections 847 and 857 of the Civil Code, and as to trusts created by written instruments under subdivisions 1 and 2 of section 852 of that code, has no application to trusts created "by operation of law," under subdivision 3 of that section, which are not required to be in writing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. C. W. Norton, Judge presiding.

The facts are stated in the opinion of the court.

Louis Ferrari, for Appellants.

Fabius T. Finch, and Paul F. Fratessa, for Respondents.

CHIPMAN, P. J.—It appears from the complaint that plaintiffs and defendant, Marie E. Merkh, are the children of Johann D. Dieckmann, who died on April 12, 1910, in the city and county of San Francisco; that on February 10, 1910, he was the owner of the premises in question and, on that day, executed and delivered to defendant, Marie E. Merkh, a deed conveying said property to her; that it was agreed between Johann and his daughter, Marie, at the time, that she should hold the title to said land during his life and at his death "to divide said land and premises in equal shares between herself and said plaintiffs"; that, though frequently requested to convey to plaintiffs their share of said property,

defendant, Marie, refused and still refuses to convey the same; that defendant, Albert G. Merkh, is the husband of Marie and claims some interest in the land but without right. The prayer is for judgment that defendant, Marie, be compelled to execute a conveyance to each of plaintiffs of a one-fourth interest in said land.

A demurrer to the complaint was interposed for insufficient facts; also on the ground of misjoinder of parties defendant; also that the complaint is uncertain for the reason that it cannot be ascertained therefrom whether the agreement pleaded was oral or in writing. The demurrer was overruled and defendants answered admitting the facts set out in the complaint except as to the alleged agreement, which are denied. By way of cross-complaint, defendant, Marie, alleges ownership of the land; avers that plaintiffs, without right, claim some interest therein and asks that her title be quieted.

It appears from the transcript that the cause was brought to trial July 14, 1911, and findings and judgment entered July 28, 1911. On July 19, 1911, plaintiffs served notice of a motion to amend the complaint which was heard and allowed on July 21, 1911, and on that day an amended complaint was filed and, on July 24, 1911, defendants filed their answer to said amended complaint, four days before findings and judgment were entered and filed. The amendment to the complaint is found in paragraph 4 and is as follows:

"That on February tenth, 1910, said Johann D. Dieckmann was and for more than one month prior thereto he had been sick in body and feeble in mind; he was then sixty-eight years of age, and at the time of the execution and delivery of said deed he had and reposed in his said daughter Marie E. Merkh implicit confidence and trust. For the purpose and with the intention and desire of dividing equally between his said children (the plaintiffs and defendant Marie E. Merkh) and upon the advice and solicitation of defendant Marie E. Merkh, said Johann D. Dieckmann executed and delivered said deed to defendant Marie E. Merkh, only because he did then and there rely upon and believe the statements and assurances of said Marie E. Merkh that she would hold said real property in trust as aforesaid and convey an undivided one-fourth interest in said property to each of said plaintiffs herein with-

20 Cal. App.—42

out charge, upon the death of said Johann D. Dieckmann.''

The answer to the amendment is a denial of its averments. The motion stated, among other grounds for seeking to amend the complaint, that it was ''to conform to the proofs on the trial of said action,'' from which we may assume that it was allowed after the testimony was submitted.

The court found all of the allegations contained in the amended complaint to be true and the averments of the answer to be untrue. Judgment went in favor of plaintiffs directing defendant, Marie, to execute deeds as prayed for.

Defendants appeal from the judgment; also from the order permitting plaintiffs to amend their complaint; also from the order overruling defendants' demurrer to the original complaint; also from the order denying defendants' motion for a nonsuit; also ''from the orders refusing to sustain defendants' objections to testimony introduced at the trial.'' The code makes no provision for appeals from the orders above mentioned, but as the appeal was taken within sixty days after the entry of the judgment, the alleged errors may be reviewed on appeal from the judgment accompanied by statement of the case or bill of exceptions.

There was no demurrer to the amended complaint; issues were joined on it by answer. The original complaint was thus superseded and the ruling on the original complaint is immaterial. (*Rooney* v. *Gray Bros.*, 145 Cal. 753, [79 Pac. 523].) This is equally true, we think, where the complaint is amended to conform to the proofs.

It is urged that the court abused its discretion in allowing the amendment. Defendants say in their brief: ''We do not challenge the right of the court to have permitted the amendment if the issues be retried, but we do challenge the right . . . to take away from appellant the right to try the new issues and to have his day in court upon them.'' The record is silent as to what occurred upon granting the motion. All that appears is that defendants filed an answer to the amended complaint traversing the new facts therein set out. We must assume that no objection was made to the motion and that defendants were content to submit the issues thus presented on the evidence already before the court. If defendants desired further time to meet these issues by evidence, or were surprised in any way entitling them to terms or to delay, it

was their duty to make it known to the court. Certainly, the defendants were not entitled to have the entire cause retried. An examination of the record shows that there was evidence before the court on the very matters embraced in the amendment.

It is contended that the findings are not sustained by the evidence. In brief: It appeared by the testimony that Johann Dieckmann, in January, 1910, was the owner of the property in question, then valued at one thousand six hundred dollars; his wife had previously died; he was sixty-eight years old and in failing health, bodily and mentally; there had been some estrangement between him and his said children, which was reconciled, and, in his then condition of mind, he desired to make disposition of the property. A conference was had between all of the parties, except his son Carl, at which he offered to deed the property to first one and then another, who declined to accept it for reasons given, and finally it was agreed that his daughter, defendant, Marie, would take the title and hold it during his life and, at his death, convey to the other children, plaintiffs, a one-fourth interest each. The testimony made it very plain that their father's intention was to carry out the object set forth in the amended complaint and that his daughter, Marie, accepted the trust on the condition clearly stated by her father. During her father's life and for some time after his death she acknowledged her obligation to her brothers and sister to be as above stated and her father died in the belief that he had made an equal division of the little property he owned.

The children met, some time after their father's death, to adjust certain bills which had been paid by one of them and to arrange for a disposition of the property. It was then agreed that plaintiff, Dorothea—Dora, as she was called—would take the property at the price of one thousand six hundred dollars; the bills then presented were to be paid from this money and the balance was to be divided equally between them. Later it was discovered that one or two other bills, of no large amount, had been overlooked and, at a second conference, when these bills were presented, defendant, Marie, objected to their allowance and thenceforward repudiated her trust, claimed the land as her own and refused to convey any interest in it to plaintiffs. This is a brief outline of what

appears in much detail of circumstance not necessary to be set out. The principles enunciated in *Cooney* v. *Glynn,* 157 Cal. 583, [108 Pac. 506], apply equally strong here. In *Bollinger* v. *Bollinger,* 154 Cal. 695, [99 Pac. 196], the rule was stated that, to prove a trust by parol under conveyance absolute in its terms, the evidence must be clear, satisfactory, and convincing. It rarely happens that evidence so fully meets this rule as was the case here.

Error is claimed because testimony was admitted relating to certain conversations touching the trust which took place two or three days before the deed was executed. It appeared that the subject of the trust was under consideration by the parties from day to day for three or four days and, finally, when her father hesitated while signing the deed, Mrs. Merkh said to him: "Why do you act that way, finish it up. You know I will do right. I will share with the others equally." There was no error in admitting any of these conversations for they were all to the same purpose and in the presence of the parties interested.

The motion for nonsuit seems to rest on the failure to show the creation of a trust in writing, as required by section 852 of the Civil Code. The trust here arose out of the "personal confidence reposed in and voluntarily accepted by" Mrs. Merkh, "for the benefit of another." (Civ. Code, secs. 2216, 2224.) Such a trust resulting from conduct may be shown by parol, and sections 847 and 857, which forbid an express trust to convey land to a third person, have no application to trusts created by operation of law. The conduct of Mrs. Merkh, under the circumstances, constituted a constructive fraud sufficient to create a constructive trust. (*Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430].)

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 15, 1913.