[Civ. No. 2750.   Third Appellate District.—February 29, 1924.]

## W. T. LANNING, Appellant, v. FRANK TALMAGE, Respondent.

[1] APPEALS—CONFLICTING EVIDENCE—FINDINGS.—It is for the trial court to consider all the conflicting evidence, as well as the admitted facts and circumstances in the case, and make its findings thereon and if upon appeal such findings are supported by evidence, even though that evidence be in conflict with evidence introduced by the opposite party, then and in that case it is the duty of the appellate court to hold such finding properly supported.

[2] SPECIFIC PERFORMANCE—SALE OF LAND—NONPAYMENT OF PURCHASE PRICE—EQUITY.—The mere fact that the vendee under an alleged oral agreement for the purchase of real property changes his manner of holding said premises and makes improvements thereon is not sufficient to justify a court of equity in upholding such an agreement and decreeing full specific performance, unless it also appears that the vendee has paid the purchase price agreed upon or, at least, is ready and willing and prepared upon specific performance being decreed to pay the vendor the amount of such purchase price.

[3] ID.—EXISTENCE OF CONTRACT—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In an action to compel the specific performance of an alleged oral agreement to sell and convey certain real property, where the trial court has found, in accordance with the testimony of defendant, that there never was any agreement between plaintiff and defendant for the sale and purchase of the premises in question, and there is nothing in the record on appeal to show that the testimony of defendant is inherently improbable, the appellate court cannot hold that the finding of the trial court is not supported by the evidence, even though it might be of the opinion that the trial court should have accepted the statement of plaintiff in preference to the testimony of defendant.

(1) 4 C. J., p. 883, sec. 2855.    (2) 36 Cyc., p. 656.    (3) 4 C. J., p. 886, sec. 2855.

APPEAL from a judgment of the Superior Court of Siskiyou County. C. J. Luttrell, Judge. Affirmed.

The facts are stated in the opinion of the court.

James D. Fairchild for Appellant.

Taylor & Tebbe for Respondent.

PLUMMER, J.—Plaintiff appeals from an adverse judg-
ment of the superior court of Siskiyou County in an action
prosecuted by him for specific performance of an alleged
oral contract to convey real property situated in the town of
Dunsmuir in the county of Siskiyou.

The complaint alleges that on or about the twenty-sixth
day of February, 1921, the plaintiff and defendant entered
into an oral contract whereby the defendant promised and
agreed to sell plaintiff certain described lots for the sum
of $2,800; that thereafter a certain portion of said lots
were sold for the sum of $700 and the money was received
by the defendant; and that the balance due on said lots
as the purchase price thereof was the sum of $2,100.    It
is further alleged that thereafter and on or about the
twelfth day of April, 1921, the plaintiff and defendant en-
tered into a written contract for the erection of a building
to cost in the neighborhood of $15,000; and that the pur-
chase price of the lots herein referred to, to wit, the sum
of $2,100, was to be counted in as a part of the payment by
the defendant to the plaintiff for the erection by the plain-
tiff of the building just referred to.    It further appears
from the allegations that said building was partly erected;
that certain payments were made thereon; and that on or
about the seventh day of August, 1921, when said building
was partly completed, it was destroyed by fire.

On the part of the plaintiff it is contended that the $2,100
is the purchase price of the lots alleged to have been bought
by the plaintiff from the defendant and was counted in as
part of the payments made by the defendant to the plaintiff
on account of the erection of the building agreed to be
erected by the plaintiff for the defendant prior to its destruc-
tion by fire, and on the part of the defendant it is claimed
that no such item was considered in the matter of payment,
but that the defendant had paid to the plaintiff a sum con-
siderably in excess of the amount which was due from the
defendant to the plaintiff on account of his work and ma-
terial furnished on the building being erected by the plain-
tiff for the defendant at the time of its destruction by fire.
It is further claimed on the part of the plaintiff that the oral
contract for the purchase of the lots and premises from the
defendant by the plaintiff and for which specific perform-

66 Cal. App.—4

ance of the contract and conveyance of said premises by the
defendant to the plaintiff herein is sought was fully exe-
cuted;. that the plaintiff had gone into possession of the
premises under said oral contract and had made valuable
improvements thereon with the knowledge and consent of
the defendant. On the part of the defendant it is con-
tended that the plaintiff had gone into the possession of the
premises in controversy under a lease some years previously
at the rental of $20 per month; and that whatever improve-
ments were made upon said premises were made by the plain-
tiff upon his own responsibility and without the knowledge,
consent, or acquiescence of the defendant whatsoever. The
value of the improvements made by the plaintiff was also
controverted.

The transcript shows that the action involved an ascertain-
ment of the standing of the account between the plaintiff
and the defendant by reason of the contract entered into
between the plaintiff and the defendant for the erection of
the $15,000 building hereinbefore referred to. The testi-
mony goes into and has to do with the different items of
payment made from time to time on the $15,000 building
erected by the plaintiff for the defendant from the date of the
beginning of the work up to the time of its destruction by
fire. In casting this account and ascertaining the amount
due from the defendant to the plaintiff and the amount
paid by the defendant to the plaintiff, the trial court came
to the conclusion that the defendant had paid to the plain-
tiff, and for and on account of the plaintiff's use and benefit,
the sum of $1,992 in excess of the amount of money due
and owing from the defendant to the plaintiff for and on
account of the work and materials furnished by the plain-
tiff in the erection of the said $15,000 building, not count-
ing in items of credit for and on account of the alleged
purchase by the plaintiff from the defendant of the premises
involved in this action. In other words, that the defendant
had paid to the plaintiff in cash the sum of $1,992 in excess
of the amount due to him from the defendant at the time
of the destruction of the building which the plaintiff was
erecting. It is further found by the court that if the im-
provements made by the plaintiff upon the premises occupied
by him and belonging to the defendant did amount in
value to the sum of $1,500, there was still due in cash from

the plaintiff to the defendant the sum of $492 on account of excess payment.

The plaintiff controverted some of the payments claimed to have been made by the defendant for the use and benefit of the plaintiff, but such findings being supported by the evidence, it is not the province of an appellate court to hold to the contrary. The plaintiff also contends that the value of the building at the time of its destruction was in excess of that admitted by the defendant and found by the court; however, as the court has found payments in excess of the value of the building upon sufficient testimony to support the finding, we are not at liberty to disregard the same.

The appellant begins his argument by the following statement: "By eliminating all the evidence in which there is a direct conflict, and considering the substance of the admitted facts and circumstances this is a case which calls for equity to grant us the relief prayed for." This is exactly what an appellate court is not permitted to do. [1] It is for the trial court to consider all the conflicting evidence, as well as the admitted facts and circumstances in the case, and make its findings thereon, and if upon appeal such findings are supported by evidence, even though that evidence be in conflict with evidence introduced by the opposite party, then and in that case it is the duty of an appellate court to hold such finding properly supported. In the case at bar, the defendant in his testimony introduced fully all the items constituting the different payments made by him, the purposes for which they were made, and the aggregate amount thereof is simply a matter of calculation. The trial court had a right to accept such testimony and upon a review thereof, we cannot find anything inherently improbable in the testimony so introduced by the defendant and therefore no reason why the findings of the court in such particulars are not based upon sufficient evidence. If the findings of the court in this particular are true, that the plaintiff at the time of the beginning of his action owed the defendant between $400 and $500 on account of excess payments made in cash by the defendant for the uses and purposes of the plaintiff, not counting in the alleged purchase price of the premises involved in this action, then and in that case, irrespective of the existence or nonexistence of an oral contract of sale by the defend-

ant to the plaintiff and purchase by the plaintiff of the defendant of the premises so claimed to have been purchased by the plaintiff from the defendant, a conveyance thereof could not, and would not, at the present time, be decreed by a court of equity for the simple reason that the payment of the purchase price thereof by the plaintiff to the defendant has not been made. [2] The mere fact, if it be a fact, that the plaintiff changed his manner of holding said premises after the alleged oral agreement and made improvements thereon would not be sufficient to justify a court of equity in upholding such an agreement and decreeing full specific performance, unless it also appears that the plaintiff has paid the purchase price agreed upon or, at least, is ready and willing and prepared upon specific performance being decreed to pay to the defendant the amount of such purchase price.

It further appears that the contract for the erection of the $15,000 building referred to in this opinion was a written contract in which no mention is made of the oral agreement set out in plaintiff's complaint. The making of the oral agreement herein referred to is denied by the defendant and the testimony set forth in the transcript upon that question is conflicting. On the part of the plaintiff it is testified that the oral agreement was made for the sale of said property in controversy by the defendant to the plaintiff for the sum of $2,800, and that subsequent thereto a certain portion thereof was sold for the sum of $700, leaving $2,100 still due. On the part of the defendant it is testified that no such agreement was made; that he did on his own account sell a certain portion of said premises for $700; and that at one time he did tell the plaintiff that he would sell him the premises in controversy for the sum of $2,500. [3] Upon this conflicting testimony the court finds that there never was any oral agreement between the plaintiff and defendant for the sale and purchase of the premises involved in this action; that the defendant "did at one time state to plaintiff that plaintiff could purchase said property for the sum of $2,500 but the plaintiff never agreed to purchase said property or to pay the defendant the sum of $2,500 or any other sum." Upon this question it was the duty of the trial court to make its finding and the trial court having found that there never was

any oral agreement of sale and purchase and there being nothing in the record to show that the testimony of the defendant is inherently improbable, this court cannot on appeal hold that the finding of the trial court is not supported by the testimony, even though we were of the opinion that the trial court should have accepted the statement of the plaintiff in preference to the testimony of the defendant.

"It is not the province of the appellate court to weigh the evidence but only to decide whether as a matter of law it is sufficient to support the findings and if there was any substantial evidence to support the findings, it is the duty of the appellate court to uphold them." (*Southern Cal. Co.* v. *Amalgamated Assn.,* 186 Cal. 604 [200 Pac. 1]; *West* v. *Visalia Abstract Co.,* 53 Cal. App. 467 [200 Pac. 351].)

A long list of cases might be cited to this effect, but this principle of law is so thoroughly settled that further citations are unnecessary. No legal reason appearing why the judgment of the trial court should be disturbed, it is hereby ordered that the same be, and it is hereby, affirmed.

Finch, P. J., and Hart, J., concurred.