[Civ. No. 5465.  First Appellate District, Division One.—August 8, 1927.]

LILLIAN SWEET, Respondent, v. LOUIS N. HAMILO-THORIS, Appellant.

H. D. Jerrett for Appellant.

Mercer H. Farrar for Respondent.

CAMPBELL, J., *pro tem.*—This action is brought under section 196a of the Civil Code by Lillian Sweet, the mother of David Louis Sweet, a minor, against appellant, the alleged father of such minor, praying judgment that it be ordered and adjudged that appellant is the father and Lillian Sweet is the mother of David Louis Sweet, a minor, and that appellant pay for the support, maintenance, and education of such minor, such sum as the court shall adjudge reasonable and suitable to his circumstances, etc. Judgment was entered that appellant was and is the father, and Lillian Sweet was and is the mother of said David Louis Sweet, a minor, and that defendant pay to plaintiff for and on behalf of said minor at present the sum of $25 a month hereafter and during the minority of said minor for his support, maintenance, and education. Appellant urges four points on appeal: 1. "The court erred in granting plaintiff leave to amend her complaint, and had no jurisdiction to proceed with the trial of the cause." 2. "The amended complaint is fatally defective, in that it fails in jurisdictional facts and does not state facts sufficient to constitute a cause of action." 3. "The material findings are against law." 4. "The judgment is not supported by pleadings or evidence." The original complaint alleged that David Louis Sweet is a minor of about eight months and this action is brought for and in behalf of said minor, David Louis Sweet, by his said mother. That on or about December 29, 1921, the defendant and Lillian Sweet had sexual relations and intercourse; that at said time defendant and Lillian Sweet were not husband and wife, nor did they intermarry, nor have they intermarried at any time, or at all; that on October 8, 1922, in San Francisco, Lillian Sweet gave birth to a son, the said minor, David Louis Sweet; that the defendant was, and is, the father of said minor, David Louis Sweet. The amended complaint contained these same allegations with the additional allegations that the plaintiff, David Louis Sweet, is a minor of about sixteen months and is, and at all times mentioned, was a resident of the city

and county of San Francisco, California, and that the mother, Lillian Sweet, is, and at all times mentioned was, a resident of the city and county of San Francisco, California, and that at any of the times herein mentioned the said Lillian Sweet was not a married woman, not being married to the defendant nor to any other male person.

The action is brought under section 196a of the Civil Code providing: ''The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligation may be maintained in behalf of a minor illegitimate child, by its mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139, and 140 of the Civil Code, in a suit for divorce by a wife.''

As to appellant's first point that the trial court erred in granting plaintiff leave to amend her complaint, it may be said that the permitting or refusing of amendments to pleadings is a matter within the sound discretion of the trial court. (*Chenney* v. *O'Brien*, 69 Cal. 199 [10 Pac. 479]; *Walsh* v. *McKeen*, 75 Cal. 519 [17 Pac. 673]; *Fitzgerald* v. *Neustadt*, 91 Cal. 600 [27 Pac. 936]; *Heilborn* v. *Canal Co.*, 76 Cal. 15 [17 Pac. 933]; *McPherson* v. *Weston*, 85 Cal. 93 [24 Pac. 733]; *Philbrook* v. *Randall*, 195 Cal. 95 [231 Pac. 739].) Amendments should be allowed liberally and the discretion of the trial court in permitting amendments will rarely be revised (*Pierson* v. *McCahill*, 22 Cal. 127; *San Joaquin, etc.*, v. *Dodge*, 125 Cal. 77 [57 Pac. 687]), and then only for a gross abuse of discretion, and such abuse of discretion must be made to clearly appear before the trial court's discretion will be interfered with on appeal (*Allen* v. *Los Molinos Land Co.*, 25 Cal. App. 206 [143 Pac. 253]; *Kaiser* v. *Hancock*, 25 Cal. App. 323 [143 Pac. 614]). Nowhere in the record have we found, nor has appellant pointed out in his brief, that the trial court, in granting plaintiff leave to amend the complaint, abused its discretion. Amendments should be permitted to pleadings where it can be done without working great delay or prejudice to the opposing party, and where such amendments will facilitate the production of all the facts bearing upon the questions involved in the action, that

the cause may be determined on its merits. (*Burns* v. *Scoofy*, 98 Cal. 271 [33 Pac. 86]; *Rose* v. *Doe*, 4 Cal. App. 680 [89 Pac. 135]; *Green* v. *Gavin*, 11 Cal. App. 506 [105 Pac. 761]; *San Francisco, etc.*, v. *Leonard*, 17 Cal. App. 254 [119 Pac. 405]; *Mackroth* v. *Sladky*, 27 Cal. App. 112 [148 Pac. 978]; *Born* v. *Castle*, 22 Cal. App. 282 [134 Pac. 347]; sec. 473, Code Civ. Proc.)

■ By the amendment to the complaint here no new cause of action was set up, no new relief asked, nor was the defendant taken by surprise in any way, nor did it prejudice him. The defendant filed his amended answer setting up no new denials or defenses, and as the amended complaint contained only such other allegations as stating the residence of the minor child and the mother as being in San Francisco, and that the mother of the minor child was not married at any time to any person, the allowance of the amendment was in no manner an abuse of the trial court's discretion and in no way injured or surprised the defendant. The amended complaint was but an enlargement of the original complaint. ■ As the defendant filed his answer to the amended complaint and asked no further time to meet these issues, it is to be deemed that he was content to submit the issues thus presented. ■ If defendant was surprised in any way that entitled him to terms or delay, it was his duty to make it known to the trial court (*Dierckman* v. *Merkh*, 20 Cal. App. 655 [130 Pac. 27]). By a comparison of the original complaint with the amended complaint it is apparent that the cause of action set up in the amended complaint is not foreign to the original cause of action. The relief sought arises on the same general state of facts, although more fully stated in the amended complaint, and the granting permission to file such amendment was proper. (*Ford* v. *Ford*, 44 Cal. App. 420 [186 Pac. 164]; *Frost* v. *Witter*, 132 Cal. 421 [84 Am. St. Rep. 53, 64 Pac. 705]; *Cox* v. *McLaughlin*, 76 Cal. 60 [9 Am. St. Rep. 164, 18 Pac. 100]; *Doolittle* v. *McConnell*, 178 Cal. 697 [174 Pac. 305]; *Porter* v. *Fillebrown*, 119 Cal. 235 [51 Pac. 322].)

■ As to appellant's second point, that the complaint fails in jurisdictional facts and does not state a cause of action, there is no merit. In our opinion the amended com-

plaint states all necessary jurisdictional facts, and facts sufficient to constitute a cause of action under section 196a of the Civil Code. (*Gambetta* v. *Gambetta,* 30 Cal. App. 264 [157 Pac. 1141].)

Appellant contends that because respondent omitted from the original and amended complaints the word "illegitimate" that the terms of the statute have not been complied with. The amended complaint alleges that appellant is the father of the minor child; that appellant and the mother of the minor child were not married; that they were not at any time, either prior or after the birth of such child, married; that the mother was not, at the time of the alleged intercourse with appellant nor prior thereto nor at the time of the birth of the child, married to any other man. These allegations with the other allegations of the financial ability of appellant and financial inability of respondent to support the minor child, and the residence of the mother and minor, and that the action is brought by the mother in behalf of the minor sufficiently states a cause of action. The omission of the word "illegitimate" in no way affects the pleading, nor did it in any way conceal what was charged. A child born out of wedlock is an illegitimate child. Here it is alleged that appellant is the father of the child and that the mother was not married to him nor to any other man.

All that is required of a plaintiff, as a matter of pleading, even against a special demurrer, is that the complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source, and extent of the cause of action. (*Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462] ; *Dunn* v. *Dufficy,* 194 Cal. 383 [228 Pac. 1029].) When the complaint states facts which under the law warrant the relief prayed for, there is no need of putting the statute into the pleading (*People* v. *Common Council,* 85 Cal. 369 [24 Pac. 727]).

We do not agree with appellant in his third assignment that "the material findings are against law," as the findings follow the allegations of the amended complaint and specially find each allegation to be true. If there had been a finding that the minor child was "illegitimate" included in the finding that appellant and Lillian Sweet, not being married were and are the father and mother, respec-

tively, of such minor child, such finding would have been adverse to appellant, and, therefore, the omission of the word "illegitimate" would not constitute error authorizing a reversal of the judgment (*Rossiter* v. *Thompson*, 66 Cal. App. 498 [226 Pac. 806]). ■ As to appellant's objection that the findings are not direct, but inferential and uncertain, it may be said that so far as the record discloses, appellant proposed no amendments to the findings and raised no objection as to their uncertainty when served, or prior to the signing of the same by the court, hence he cannot raise on this appeal for the first time, the question of uncertainty, or that they are not sufficiently explicit (*Warren* v. *Hopkins*, 110 Cal. 506 [42 Pac. 986]; *Parke* v. *Hinds*, 14 Cal. 416; *Estate of Perry*, 64 Cal. App. 21 [220 Pac. 321]).

■ Appellant also claims that the decision is against law because it provides that defendant pay "at present, the sum of $25 a month, hereafter and during the minority of said minor child for his support," etc., and cited us to *People* v. *Wing*, 115 Mich. 698 [74 N. W. 179], in which the court uses this language: "An order requiring the father of a bastard child to make certain weekly payments for its support until the further order of the court is erroneous, because it does not fix a limit to the liability. . . . In passing upon the question (citing decisions for and against) we are of the opinion that the better doctrine is that the order should be definite, and fix a limit to the liability, and it should not be left open for subsequent applications to the court."

Section 196a of the Civil Code expressly provides that "in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife," and in a divorce decree any order made for the support and maintenance of a minor child is an order "at present," as the court does not lose jurisdiction over the welfare and support of a minor child and has power at any time before the minor becomes of age to change or modify the decree.

Here, however, the order and judgment is that payments of a sum certain per month be made "during the minority of said minor child for his support." The appellant, by

the wording of the judgment is not injured nor prejudiced, as it is his legal duty to support his child until the end of its minority, and the age of the child was in evidence before the court. The wording, if erroneous, is harmless and does not affect the merits of the case (*Carrington* v. *Smithers,* 26 Cal. App. 460 [157 Pac. 225]).

As to appellant's fourth assignment that "the judgment is not supported by the pleadings or the evidence," it is sufficient to say that while the evidence is conflicting and contradictory there is substantial and direct evidence to support the findings and judgment, and that the judgment is supported by the pleadings.

Taking the testimony of the mother as a whole, nowhere does it appear that her story is inherently improbable, and when the testimony of the other witnesses for respondent is considered in conjunction with that of the mother of the minor, it cannot be said that the evidence is insufficient to support the judgment, and in such case the judgment will not be disturbed (*Lanning* v. *Talmage,* 66 Cal. App. 48 [225 Pac. 25]).

Where there is a substantial conflict in the evidence the appellate court must assume the testimony of the prevailing party to be true; and this is the rule even in those cases where the law requires clear and convincing proof. (*Palladine* v. *Imperial Valley, etc.,* 65 Cal. App. 727. [225 Pac. 291] ; *Couts* v. *Winston,* 153 Cal. 686 [96 Pac. 357].)

It was entirely within the province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony, and to reject the testimony of any witness called at the trial. The result arrived at here must be interpreted to mean the rejection by the court of the testimony of appellant and his witnesses as to his claim that he was not the father of the minor child, and as accepting the testimony of the mother and other witnesses for respondent respecting the truth of that issue.

In our opinion there is no reversible error in the record. The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.