[Civ. No. 16724. Second Dist., Div. Three. July 18, 1949.]

EDWARD MATLIN et al., Respondents, v. CRESCENT COMMERCIAL CORPORATION (a Corporation), Appellant.

Don Lake for Appellant.

David A. Matlin for Respondents.

VALLÉE, J.—Appeal by defendant Crescent Commercial Corporation from a judgment for plaintiffs in an action in which each plaintiff sought a cancellation of a contract and the recovery of monies deposited with defendant pursuant to a contract entered into between him and defendant.

In 1946, 1947, and the early part of 1948, there was a decided shortage of beer for sale in the Los Angeles area. In March of 1946, the defendant corporation (Crescent) entered into an agreement with a Wisconsin brewing company to take over its entire output of 520 premium beer, an eastern beer. Immediately thereafter Crescent sent telegrams to a number of liquor retailers in the Los Angeles area, including plaintiffs, informing them they could buy all the beer they wanted from it. As a result, each plaintiff entered into a contract with Crescent.

The contracts called for the delivery of a specified number of cases of eastern beer in 18 equal monthly installments, required each customer to deposit a sum equal to $1.00 for each case of beer to be purchased, the deposit to be applied against the total cost of the merchandise purchased, on which Crescent agreed to pay 5 per cent interest per annum, payable quarterly. Deliveries were made by Crescent shortly after the execution of each contract. The beer delivered in 1946 was a good quality eastern beer, with an excellent flavor. Shortly after the first of 1947, due to the substitution of grains and the use of synthetic ingredients as a result of a governmental order restricting the use of grains, malts and other products in the manufacturing of beer, the beer delivered by Crescent was of inferior quality in taste and color, was unpalatable and unsalable, and Crescent was so advised by each plaintiff. Each plaintiff was thereupon assured by Crescent that the inferior grade beer would be replaced by, and future deliveries consist of, a good grade of eastern beer. The quality of the subsequent deliveries of beer did not improve and each plaintiff thereupon informed Crescent that because of his inability to sell the inferior beer he would not accept further deliveries and requested it to pick up the "empties." The president of Crescent admitted that in March and April of 1947, Crescent commenced receiving complaints from some of its customers that the beer was not good and that in July and August, 1947, many customers refused to accept further shipments. After its customers stopped accepting deliveries, Crescent refused to pick up any more "empties," although it had been customary to do so and to return to the customers an amount equal to $1.00 for each case.

Each plaintiff had been engaged in the café and liquor business for a period of not less than 10 years. Plaintiff Matlin entered into his contract with Crescent on April 9, 1946, depositing $1,800. Plaintiff Police entered into his contract on May 15, 1946, depositing $2,700. Plaintiff Avian entered into his contract on August 7, 1946, depositing $1,800.

The action was one for declaratory relief, cancellation of each contract, and a refund on the deposit monies held by Crescent. The declaratory relief count on behalf of each plaintiff set forth the making of the contracts. It alleged the inferior quality of the beer in the early part of 1947 and the inability of each plaintiff to sell it. The count further alleged that although the agreement called for eastern beer, defendant did not deliver the type, quality and grade com-

monly known as eastern beer; that defendant contended in this regard that it had the right to deliver any grade of beer, regardless of quality, as long as it was manufactured in the east and that the deposit retained by it constituted liquidated damages and was retained as a penalty for each plaintiff's refusal to order more beer. The second count of each plaintiff sought recovery of the balance of the deposit. The complaint prayed that (1) the agreement entered into by each plaintiff be declared null and void and of no further force or effect; (2) defendant be required to repay to each plaintiff the deposit left with it; (3) defendant be required to pick up all cases of "empties"; (4) plaintiff Matlin recover the sum of $1,200; (5) plaintiff Police recover the sum of $1,530; (6) plaintiff Avian recover the sum of $1,734.

The court found substantially in accord with the allegations of the complaint. From its findings it concluded that the contract entered into by each plaintiff was "null and void, and of no further force or effect whatsoever," that defendant was entitled to pick up all cases, full or empty, in possession of plaintiffs, and rendered judgment in favor of each plaintiff for the amount prayed for in the complaint, which represented the balances of the deposits remaining in defendant's possession.

So far as we are able to determine from appellant's brief, it contends that because the trial court, in cancelling the instruments, declared the contracts to be "null and void," it did so *ab initio,* and that plaintiffs, therefore, are precluded from obtaining a refund of the deposits made by them. The use of the words "null and void" in this connection, following the wording of the prayer of the complaint, is an unfortunate, but not a prejudicial, one. Obviously what was meant, as the court stated, was that the contracts were of no "further" force or effect. A reading of the findings as a whole indicates that there was a material breach of the agreement on the part of Crescent in failing to supply a good quality eastern beer, for which the plaintiffs were entitled to a cancellation of the contracts and recovery of all monies deposited thereunder.

It is elementary that in actions for cancellation of instruments the court may grant any monetary relief necessary to do complete equity between the parties. (4 Cal.Jur. § 29, p. 797, and cases cited therein.) The judgment, based upon the findings and conclusions, is, therefore, a correct and proper one.

■ Appellant's argument that the money judgment is based upon findings which are fatally defective in that they fail to state that the monies deposited with Crescent were for the use of the three plaintiffs, is without merit. Crescent neither proposed any amendments to the findings nor raised any objections to their form, and made no motion for a new trial. Under these circumstances, this objection may not be raised for the first time on appeal. (*Moore* v. *Craig*, 5 Cal. App.2d 283, 286 [42 P.2d 647]; *Estate of Perry*, 64 Cal.App. 21, 27 [220 P. 321]; *Sweet* v. *Hamilothoris*, 84 Cal.App. 775, 782 [258 P. 652].) ■ Where an alleged error results from omissions in a finding which, if corrected, would nevertheless have been adverse to the appellant, the error will not warrant a reversal. (*Sweet* v. *Hamilothoris*, 84 Cal.App. 775, 781 [258 P. 652]; *Chamberlain* v. *Abeles*, 88 Cal.App.2d 291, 299 [198 P.2d 927].) Such would have been the result in the present case.

There is ample evidence, contrary to appellant's contention, to support the findings with respect to the poor quality and unsalability of the beer.

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.

A petition for a rehearing was denied August 9, 1949, and appellant's petition for a hearing by the Supreme Court was denied September 15, 1949.