[Civ. No. 798.   Second Appellate District.—June 14, 1910.]

## PETER FAIR, Respondent, v. HOME GAS AND ELECTRIC COMPANY, a Corporation, Appellant.

ACTION FOR PENALTY FOR REFUSAL TO SUPPLY GAS—USE OF WORDS OF STATUTE—GAS FOR LIGHTING PURPOSES IMPLIED.—In an action to recover the statutory penalty for illegal and persistent refusal to supply plaintiff's residence with gas from its mains, after written demand therefor, where the statute does not specify gas for lighting purposes, which is implied in its use in a residence, it is sufficient that the language of the statute is followed in the complaint to recover the penalty for persistent refusal to comply with plaintiff's written demand for gas for the building occupied by plaintiff.

ID.—ACTION UPON STATUTE—CORRECT RULE OF PLEADING—CONSTRUCTION OF STATUTE AND PLEADING IDENTICAL.—Conceding that the language used in the body of the statute when it refers to "gas" is to be construed to mean "gas for lighting purposes," it is a correct rule of pleading, in declaring upon a statute, to describe the cause of action in the words of the statute. This is allowed even in criminal cases. The court cannot put one construction upon words used in a statute, and deny the same construction when the same words are used in a pleading. The statute and the complaint must have the same construction, and the word "gas," when used in either, must have the same meaning and application.

ID.—LOCATION OF HOUSE IN RELATION TO DEFENDANT'S MAINS—CONSTRUCTION OF COMPLAINT—AIDER BY ANSWER.—Where the complaint alleged that between certain dates plaintiff was the occupant of a building and premises which are and were through said period distant not more than one hundred feet from defendant's mains, and that from the first date until the present time plaintiff has resided upon said building and premises, is to be fairly construed as averring that the house and premises were at the date of filing the complaint located at the same distance from defendant's mains, in the absence of a special demurrer, and especially when the answer aided the complaint by expressly admitting that during all of the times mentioned in the complaint service pipes belonging to defendant, connected with said gas mains at plaintiff's said premises, have been and still are located on said premises.

ID.—SUFFICIENCY OF COMPLAINT TO SUPPORT JUDGMENT.—*Held*, that a general demurrer to the complaint was properly overruled, and that its allegations are a sufficient basis for the support of the judgment rendered upon the statutory penalty, which was correctly computed.

ID.—SUFFICIENT DEMAND ADMITTED.—Where the demand averred was sufficient plainly to inform defendant that it was required to per-

form the duty to which the demand referred, it was admitted by failure to deny it in the answer.

ID.—UNWARRANTABLE CLAIM IN ANSWER—DEPOSIT REQUIRED.—It affirmatively appears by the answer that the refusal to furnish gas was not based upon the insufficiency or uncertainty of the demand, but the reason therefor was plaintiff's refusal to comply with an arbitrary and unwarranted claim for ten dollars' deposit, which defendant sought to exact, and which it had no right to do.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Halsey W. Allen, and Campbell & Moore, for Appellant.

E. C. Campbell, for Respondent.

ALLEN, P. J.—The complaint alleges the incorporation of defendant and that it is engaged in the business of supplying heating and illuminating gas to the inhabitants of the city of Redlands in San Bernardino county; that between June 26, 1908, and July 28, 1908, plaintiff was the occupant and inhabitant of a certain building and premises in the city of Redlands, which building and premises are and were throughout said period distant not more than one hundred feet from one of defendant's gas mains; that on the date first named defendant connected said building and premises with one of its mains, and until July 28th supplied gas to plaintiff for said building and premises; that upon said last-named date, without plaintiff's consent, defendant discontinued the supply of gas to said building, shutting off the same therefrom, without making any demand whatever on plaintiff for the payment of any sum on account of gas theretofore used; that on July 29, August 14 and August 24, 1908, plaintiff made demand in writing of defendant that it supply him with gas for said building and premises; that from July 28th until the filing of the complaint no gas was supplied to said building or premises; that on July 28th and 29th at the time plaintiff's written demand upon defendant to supply him with gas was made, plaintiff was not in arrears for the payment of gas supplied; that defendant's sole purpose in removing the meter and shutting off the supply of gas was to annoy and injure plaintiff; that de-

fendant demanded of plaintiff a cash deposit or bond of indemnity against loss as a condition of again installing the meter in said premises and supplying gas; that this was an arbitrary discrimination against plaintiff; that no other consumers were required to make a deposit of ten dollars, and that such exaction was to spite, harass and annoy plaintiff. That from July 28th until the time of the filing of the complaint herein plaintiff resided in said building and premises, and during that time has been without any heating or illuminating gas; that on October 28, 1908, plaintiff demanded of defendant the payment of fifty dollars and five dollars per day from August 9, 1908, said sums being damages fixed by law for defendant's failure to supply him with gas; and he asked judgment accordingly.

Defendant denies all the allegations of the complaint other than as to the demand of plaintiff to supply him with gas as averred.

Upon the hearing the court found all the allegations of the complaint to be true, except as to certain allegations which have no significance upon this appeal. The court also found, in conformity with the answer, that another corporation had at all the times mentioned gas mains within one hundred feet of said premises and dwelling-house of plaintiff; found that at all times service pipes belonging to defendant were connected with defendant's gas mains for supplying plaintiff with gas, and are still located upon said premises.

Judgment was rendered in favor of plaintiff for $625, with interest at seven per cent per annum from the date of such judgment. This appeal is from the judgment alone.

Appellant's primary contention is that the complaint is insufficient, in that there is no allegation that the application to defendant was for gas for lighting purposes, and no averment that plaintiff ever made application in writing to defendant to furnish him with gas for lighting purposes, nor any averment that defendant ever refused or neglected to supply gas for lighting purposes. This action is one based upon a statute, the enacting clause of which is as follows: "An act to repeal Title XV of Part IV of Division First of the Civil Code, and to substitute therefor in said code a new Title XV, relating to corporations formed for the purpose of furnishing light for public use." (Stats. 1905, p. 592.) The statute provides, section 629: "Upon

the application in writing of the owner or occupant of any building or premises distant not more than one hundred feet from any main, or direct or primary wire, of the corporation, and payment by the applicant of all money due from him, the corporation must supply gas or electricity as required for such building or premises, and cannot refuse on the ground of any indebtedness of any former owner or occupant thereof, unless the applicant has undertaken to pay the same. If, for the space of ten days after such application, the corporation refuses or neglects to supply the gas or electricity required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars per day as liquidated damages for every day such refusal or neglect continues thereafter.'' Conceding for the purposes of this decision that the language in the body of the statute, when it refers to gas, means gas for lighting purposes, nevertheless, the complaint in the action is in the language of the statute. A similar question was presented to the supreme court of Illinois in the case of *Gebhart* v. *Adams,* 23 Ill. (345) 397, [76 Am. Dec. 702], wherein it is held that: ''It is a correct rule, in declaring upon a statute, to describe the cause of action, whatever it may be, in the words of the statute. Even in criminal cases this is allowed. . . . The court cannot put one construction upon words in a statute, and deny them the same construction when the same words are used in a declaration or plea. The pleader is not bound, in declaring upon a statute, to set forth all or any of the words the court may have used in construing the statute, for when they have placed their construction upon it, and say that it means a particular thing, the words of the statute must be construed to mean the same thing in a declaration on that statute. This is a self-evident proposition.'' Accepting this rule, and the reasoning upon which it is based is most convincing, the statute under consideration and the complaint based thereon must receive the same construction, and the word ''gas,'' when used in either, shall be held to have a like meaning and a like application. It follows, then, that the averments in the complaint found by the court to be true must be held sufficient under the statute.

We do not think the criticism directed to the allegations of the complaint, because of the alleged omission to aver definitely the location of the house and premises at the time when

the demand for gas was made and thereafter, is so serious as to warrant a reversal of the judgment. It is alleged that from June 26 to July 28, 1908, plaintiff was the occupant and inhabitant of the building and premises known as 536 Chestnut avenue, "which said building and premises *are* and were throughout said period distant not more than one hundred feet from one of defendant's mains." It is further averred "that from June 26, 1908, until the present time plaintiff has resided in said building and premises." The answer admits that at all times mentioned in the complaint service pipes belonging to defendant connected with said gas mains at plaintiff's said premises and residence have been and still are located on said premises. We think a fair construction of the complaint is to say that it avers that the house and premises were at the date of the filing thereof within the required distance and were so situated during the limited period mentioned. Aside from any distinction which may be said to exist between the effect to be given subdivision 32 of section 1963, Code of Civil Procedure, in relation to presumptions arising from certain things proven and the presumptions which will follow the allegations of the pleading, the imperfection, if any, in plaintiff's allegation as to the status in the interim is aided by the answer, which, fairly construed, tends to allege a continuance of the status during all the times mentioned in the complaint. The demurrer was general; no uncertainty was claimed as to such complaint, and a consideration of its allegations after judgment leads us to regard it as a sufficient basis for the judgment.

As to the demand, there is no denial thereof in the answer, and the defendant was plainly informed that it was required to perform a duty to which the demand referred. In addition to this, it affirmatively appears by the answer that the refusal to furnish gas was not based upon the insufficiency or uncertainty of the demand, but the reason therefor was plaintiff's refusal to pay an arbitrary and unwarranted claim for ten dollars' deposit, which defendant sought to exact and which it had no right to do. By its answer defendant admitted that conditions were such that it was willing, upon payment of the deposit, to furnish plaintiff with the gas required.

We are of opinion that the complaint alleged and the court found sufficient to entitle plaintiff to recover under the statute,

13 Cal. App.—38

and that the amount of the judgment under the statute was correctly computed.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.