[Civ. No. 842.   Second Appellate District.—March 24, 1911.]

## PETER FAIR, Appellant, v. HOME GAS & ELECTRIC COMPANY, a Corporation, Respondent.

STATUTORY PENALTY—REFUSAL OF GAS TO CONSUMERS—DISTANCE OF BUILDING FROM MAIN—PRESUMPTION—PROOF AT TIME OF TRIAL.— In an action under section 629 of the Civil Code to recover the statutory penalty therein prescribed for the refusal of a gas company to supply with gas the building and premises occupied by the plaintiff, distant not more than one hundred feet from any main, where it appears that the main was laid several years prior to the application, which was one year before the trial, as no evidence was introduced to the contrary, it will be presumed that no change was made in the location of the main, but that its condition as laid continued at the time of the trial, at which it was proved by a civil engineer without conflict that both the building and premises were less than one hundred feet from the main, and such proof was sufficient to sustain the action.

ID.—SUPPORT OF FINDING OF LOCATION WHEN APPLICATION WAS MADE.— It is held that under the facts proved and presumed, evidence of the location of plaintiff's building and premises shown to exist at the time of the trial sufficiently shows its location and distance

15 Cal. App.—45

from the main at the time of the application for gas, and supports the finding made by the court in this regard.

ID.—ARBITRARY DISCRIMINATION AGAINST PLAINTIFF—REQUIREMENT OF SECURITY—SUPPORT OF FINDING.—Where the defendant's answer admits and the testimony of its secretary shows that the gas company had no rules or regulations as to the exaction of a deposit or bond as a condition of supplying customers with gas, a finding that the exacting from plaintiff of a cash deposit or bond as a condition of supplying him with gas was an arbitrary discrimination is sustained by the evidence.

ID.—PURPOSES OF USE OF GAS—QUESTION AS TO LIGHTING PURPOSES—OBJECTION FOR FIRST TIME UPON APPEAL—FINDING.—Where, when the demand for a supply of gas was made, defendant raised no objection that it was not specified for lighting purposes at the trial, such objection should not be allowed upon appeal for the first time, even assuming, as claimed by the defendant, that the statute has reference only to the supply of gas for lighting purposes, especially when the court made a finding, which is not assailed, that at the time when the demands were made, plaintiff was without illuminating gas.

ID.—IMPROPER ORDER GRANTING NEW TRIAL—REVERSAL.—The court having committed no error, and its findings being sufficiently supported by the evidence, it is held that it improperly granted a new trial to the defendant, and its order must be reversed.

APPEAL from an order of the Superior Court of San Bernardino County, granting a motion for new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

E. C. Campbell, for Appellant.

P. H. Moore, Halsey W. Allen, and Campbell & Moore, for Respondent.

SHAW, J.—This is an appeal by plaintiff from a general order made by the court granting defendant's motion for a new trial.

The suit was instituted to recover the statutory penalty provided by section 629 of the Civil Code, which is as follows: "Upon the application in writing of the owner or occupant of any building or premises distant not more than one hundred feet from any main, or direct or primary wire, of the corpora-

tion, and payment by the applicant of all money due from him, the corporation must supply gas or electricity as required for such building or premises, and cannot refuse on the ground of any indebtedness of any former owner or occupant thereof, unless the applicant has undertaken to pay the same. If, for the space of ten days after such application, the corporation refuses or neglects to supply the gas or electricity required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars per day as liquidated damages for every day such refusal or neglect continues thereafter.''

By appropriate allegations plaintiff brings the case within the provisions of the section, it being alleged, among other things, that plaintiff occupied a house and premises in the city of Redlands, known and designated as No. 536 Chestnut avenue, which house and premises were during the times in question distant not over one hundred feet from one of the gas mains owned and operated by defendant, a corporation engaged in the manufacture and distribution of gas to the inhabitants of said city; that on July 29, August 14 and August 24, 1908, plaintiff made demand in writing upon defendant that it supply him with gas for use in and about said house and premises, but defendant refused to comply with such demand, unless plaintiff should give a satisfactory indemnity bond or make a cash deposit to protect defendant from any loss which it might be subjected to in connection with the gas service, and to insure the preservation of the meter; that such exaction as a condition of supplying gas to plaintiff was an arbitrary discrimination against him; that for the period extending from June 26, 1908, to the time of the filing of the complaint, plaintiff was without the use of any heating or illuminating gas. In its answer, defendant, among other things, denied that said building so occupied by plaintiff was at any of the times mentioned in the complaint distant not more than one hundred feet from its gas main, but made no denial of the alleged fact that the premises were within one hundred feet therefrom; admitted the making of a demand for a bond or cash deposit as alleged, but denied that the making of such demand was an arbitrary discrimination against plaintiff; denied that plaintiff had been without gas for illuminating or heating purposes subsequent to June 26, 1908; and further answering alleged: That it had at all times been ready and willing to supply plain-

tiff with gas as demanded at his said premises and residence through the service pipes belonging to defendant and connecting said gas main with said residence and premises, provided plaintiff would make a cash deposit or give a bond indemnifying defendant against any liability for loss of its property. As to all of said issues the court found in favor of plaintiff.

The motion for a new trial was made upon a statement of the case which, among other alleged errors, specified the insufficiency of the evidence to justify the finding to the effect that the plaintiff was at the times when he applied for gas an occupant of the building and premises known as No. 536 Chestnut avenue, in the city of Redlands, and that the same were at said times distant not more than one hundred feet from defendant's gas main. As heretofore stated, defendant made no denial as to the alleged distance of its gas main from plaintiff's premises, but limited its answer in this regard to a denial that the building was within one hundred feet of its gas main. Assuming that proof was necessary for the purpose of establishing the fact that both the building and premises were distant not more than one hundred feet from the main, plaintiff testified at the trial had on April 27, 1909, as follows: "I couldn't say exactly how long the gas main of the defendant has been in front of my place; I remember when it was put there; it must have been several years ago." The application for gas was made less than one year before the trial. Plaintiff, however, was not questioned with reference to the distance, but his testimony, in the absence of contradiction, is sufficient to establish the fact that defendant's pipe or main was laid in the street upon which his premises and building fronted at a time prior to the making of his application. As no evidence whatever was introduced to the contrary, it will be presumed that no change was made in the location of the main, but that its position as laid continued up to the time of the trial. (Code Civ. Proc., sec. 1963; *Eltzroth* v. *Ryan*, 89 Cal. 135, [26 Pac. 647].) For the purpose of showing the distance intervening between the property of plaintiff and the gas main, Isaac Ford, a civil engineer, was called as a witness. His testimony, in connection with a plat introduced in evidence and upon which the points in question were marked and delineated, clearly and conclusively established the fact that at the time of the trial the distance from the gas main to the point where

the defendant's service pipe entered the rear part of plaintiff's building was ninety-two feet, and that both the building and premises were well within one hundred feet from the gas main. Conceding that the evidence of Ford was directed to the status and condition existing at or immediately preceding the time of the trial, nevertheless, it being shown that the pipe or main was laid several years before this time, then, in the absence of any evidence to the contrary—and there is none—it will be presumed that no change in the location thereof was made during the period intervening between the date of laying the same and the time when Ford made the measurements of distance. Inasmuch as the main was laid several years before the date of the trial and no change was made therein, it must follow that evidence as to its location with relation to plaintiff's building and premises shown to exist at the time of the trial sufficiently proves such location at the time when application for gas was made. We are, therefore, of the opinion that the evidence justifies the finding in this regard made by the court.

The finding that exacting from plaintiff a cash deposit or bond as a condition of supplying him with gas was an arbitrary discrimination against plaintiff is fully justified by the evidence. Indeed, such fact was admitted both by defendant's answer and the testimony of its secretary, who stated that defendant had no rules or regulations pursuant to which the exaction of a deposit or bond was made a condition of supplying gas to its consumers.

It is also claimed that the evidence was insufficient to justify the finding that plaintiff made application for gas for *lighting* purposes upon the premises, or that defendant refused to supply him with gas for use thereon for *lighting* purposes. It is sufficient to say that the court did not make such finding. In this regard the finding is in the language of the complaint, which alleges that plaintiff demanded gas for "said building and premises." In a former appeal (*Fair* v. *Home Gas etc. Co.,* 13 Cal. App. 589, [110 Pac. 347]), we held the complaint good as against a general demurrer, and we adhere to that opinion. When the demand was made upon defendant for gas, it raised no question as to the purposes for which it was to be used, but offered to furnish it provided plaintiff would comply with the conditions imposed upon him alone, and in

its answer alleges: "That defendant at all times has been and is now willing to furnish gas to plaintiff, and does hereby offer to connect its said service pipes now on premises of plaintiff, for furnishing gas to plaintiff, provided plaintiff complies with said conditions." Assuming, as claimed by defendant, that the statute has reference alone to the supplying of gas for lighting purposes, nevertheless, since up to the trial of the case no question appears to have been properly raised as to the purposes for which the gas was to be used, defendant should not now for the first time be permitted to urge such objection. Moreover, the court found (and the finding is not attacked) that at the time when the demands were made plaintiff was without illuminating gas.

A careful examination of the errors of law specified as occurring at the trial discloses no error in the rulings of the court upon the admission and exclusion of evidence.

For the reasons given, we have reached the conclusion that the court erred in granting the motion for a new trial, and the ruling of the court in this regard is reversed.

Allen, P. J., and James, J., concurred.