[Civ. No. 10434.   Second Appellate District, Division Two.—October 4, 1935.]

GEORGE W. GRADY, Respondent, v. PERRY E. CANFIELD et al., Appellants.

Hahn & Hahn for Appellants.

Sherman & Sherman and Glenn M. Still for Respondent.

GOULD, J., *pro tem.*—Plaintiff, while working for defendants as a carpenter in the construction of a lumber shed, stepped upon a rafter which broke, precipitating him to the ground and causing injuries for which the trial judge awarded

damages in the sum of $2,140. Defendants' appeal raises the questions as to whether they violated any duty they owed plaintiff, i. e., whether they were negligent, and whether the evidence supports the findings.

Defendants as employers did not carry workmen's compensation insurance, nor were they self-insured. Plaintiff therefore invoked the provisions of section 29b of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831, as amended; Deering's Gen. Laws 1931, vol. 2, p. 2272), which provides that if any employer shall fail to secure the payment of compensation as set forth in said act, an injured employee, in addition to making application for compensation with the industrial accident commission, "may bring an action at law against such employer for damages, the same as if this act did not apply", and further stipulates "that in such action it shall be presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof shall rest upon the employer to rebut the presumption of negligence. In such proceeding it shall not be a defense to the employer that the employee may have been guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant. No contract, rule or regulation shall be allowed to restore to the employer any of the foregoing defenses".

The presumption of negligence imputed to the employer by the foregoing provisions of the act in itself amounts to evidence, which raises a conflict, and may outweigh positive evidence adduced to rebut it. (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529].)

In addition to this presumption, testimony was introduced that the rafter as furnished by defendants was cross-grained and defective, that defendants ordered poor grades of lumber to be used in the building and that no walkways or scaffolding were provided. The questions of due care, negligence and safety of working conditions and material were presented to the trial court upon conflicting evidence, and with that court's determination in plaintiff's favor we may not interfere.

As to the claim that the evidence does not support the findings, we have examined the record in detail and feel that

the findings considered as a whole have ample evidentiary support.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.