[Civ. No. 9444. Second Appellate District, Division One.—November 1, 1935.]

SIDNEY HANDY, Respondent, v. ALBERT C. FITSCHEN, Appellant.

638

Fred A. Wilson and Wilson & Coughlin for Appellant.

E. O. Leake and J. J. Leake for Respondent.

DORAN, J.—This is an appeal from the judgment in an action in unlawful detainer. Prior to December, 1932, Harriett Morrow leased the premises to defendant, a month to month tenancy, for $250 per month. Prior to December 20, 1932, Harriett Morrow was named as one of the defendants in an action filed in San Bernardino County, California, in which action writs of attachment were issued and delivered to the sheriff of Los Angeles County. The sheriff levied on the rentals payable by defendant to Harriett Morrow on December 20, 1932, and January 20, 1933, which rentals were delivered by defendant to the sheriff. In like manner the sheriff levied on the rentals due on the 20th of February, March and April, 1933, and in like manner the money was delivered by defendant to the sheriff.

It is alleged in the complaint that, ''prior to the 20th day of February, 1933, said property was conveyed by grant deed by Morrow to plaintiff subject to said month to month lease to defendant; that plaintiff is now the legal owner of said property''. This allegation is denied in the answer.

The answer sets up two affirmative defenses: One, that the rentals had been delivered to the sheriff pursuant to writs of attachment and, by reason thereof, defendant had satisfied and discharged his liability for the payment thereof to plaintiff. Two, that the conveyance by Harriett Morrow

to plaintiff was without consideration and for the purpose of defrauding creditors.

Of the two grounds for appeal presented herein, one is based on the trial court's refusal to recognize these two special defenses as valid. The court properly sustained objections to the evidence offered in support thereof.

The only evidence adduced at the trial was the testimony of defendant, which was brief. In his testimony, called as a witness by plaintiff, appears the following: "Q. And on or about the 14th or 15th day of February, 1933, you received a notice that the property had been transferred to Sidney Handy? A. Yes, sir. . . . Q. On or about the 15th day of February, 1933, you had a conversation with Sidney Handy, the plaintiff, did you not? A. I had several conversations. Q. And at that time, isn't it a fact that he told you that the property had been conveyed to him and you were to pay the rent to him thereafter? A. Yes. Q. And notwithstanding that, you paid it to the sheriff? A. I did."

The court found all of the allegations of the complaint were true; also, that the allegation on information and belief in defendant's separate answer and defense, to the effect that Harriett Morrow had conveyed said property to plaintiff, was true.

No evidence of the record of the transfer was offered. The transcript reveals, however, that the case was tried on the theory that such was the fact. For example, in the colloquy between the court and defendant's counsel, the following appears: "Mr. Wilson: (Defendant's counsel) I just want to make the record clear. The defendant Fitschen now offers to prove that the plaintiff Sidney Handy, if he is, in fact, the owner of the property, took the property with knowledge of the fact that the property, that is, the rentals due, had been attached, . . . and that the conveyance, if any, to him, was colorable merely, and . . . without consideration." Again, as follows: "The Court: Do you want to try to show in this case of *Handy* v. *Fitschen,* that the conveyance from Morrow to Handy was void? Mr. Wilson: That it was voidable. . . . The Court: But that was prior to the conveyance from Morrow to Handy, wasn't it? Mr. Wilson: Yes. The Court: All right. Mr. Wilson: We desire to show that any asserted interest of Mr. Handy in the property was acquired by him with the knowledge of these prior attachments . . . ; that

any asserted conveyance from Mrs. Morrow to Mr. Handy was made for the express purpose of avoiding a repetition of such garnishments as had been made in December and January; that Mr. Handy did not pay any consideration for the property in question; in other words, that the conveyance was made for the purpose and the purpose only, of avoiding making such garnishments.''

■ Appellant urges as the second ground of his appeal and, so far as the record reveals it is the initial appearance of such claim, that proof of the conveyance from Morrow to Handy is wholly lacking and that the finding thereon is unsupported by any evidence.

Assuming that such proof was necessary, to complain of its absence at this late date, in the light of the record, is unavailing.

''Where an issue is tacitly accepted by all the parties as properly presented for trial and as the only issue, the appellate court will proceed upon the same theory. When a case is tried upon the theory that certain facts exist, even though they are put in issue by the pleadings, their existence will be assumed on appeal.'' (*National Union Fire Ins. Co.* v. *Nason,* 21 Cal. App. 297 [131 Pac. 755].) The case at bar is well within this rule.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1935.