[Civ. No. 15275.   First Dist., Div. One.   Dec. 22, 1952.]

JESSIE MAY GOSS, Respondent, v. HENRY FANOE, JR., et al., Appellants.

Raymond W. Shellooe for Appellants.

Bardin & Cunningham for Respondent.

WOOD (Fred B.), J.—This is an action brought by an injured employee against her employers as authorized by section 3706 of the Labor Code when the employer fails to secure the payment of workmen's compensation. The case was tried without a jury.

The court found (1) plaintiff was employed by defendants as a domestic and practical nurse for the care of defendants' infant child at the home of defendants, (2) while acting within the course and scope of her employment, plaintiff received an injury, (3) the injury was a direct result and grew out of the negligence of the defendants, (4) plaintiff suffered general damages in the sum of $2,000, special damages in the sum of $417.09 and loss of wages in the sum of $40, and (5) at the time of the injury defendants were subject to the workmen's compensation insurance and safety laws of the state and failed to comply with the provisions of section 3700 of the Labor Code. Judgment was entered accordingly.

Plaintiff moved for a new trial. In granting that motion the court limited the new trial to the sole question of damages, upon the ground that the amount awarded was inadequate. The defendants have appealed from that order and from the judgment.

In support of their appeal appellants claim (1) the finding of negligence in general terms was insufficient when, as here, the complaint alleged specific acts of negligence, (2) the finding of negligence is not supported by the evidence, (3)

the presumption of negligence afforded by section 3708 of the Labor Code, was wholly rebutted, (4) the finding that defendants failed to secure payment of workmen's compensation is not supported by the evidence, and (5) the court abused its discretion in granting a limited new trial. A brief summary of the evidence which tends to support the finding of liability and the evidence bearing upon the extent of plaintiff's injuries, will facilitate the discussion of these points of law.

The main entrance to defendants' home is into the living room. A hall leads from the living room to a bedroom which served as a nursery and plaintiff's principal place of employment. The hall also opens onto a den and the door on the opposite side of the den opens into the kitchen. The floor of the den is 6⅛ inches lower than the floor of the hall and the floor of the kitchen. Plaintiff commenced work as soon as she arrived at defendants' home, about 4 p.m. on March 9, 1950. At about 6 p.m. she left the nursery to go to the kitchen and prepare the baby's formula. In passing from the hall into the den on the way to the kitchen she failed to observe the difference in floor elevation and fell, sustaining the injuries of which she complains.

Prior to this fall plaintiff had been in the living room and the nursery but not in the den. Mrs. Fanoe, who received plaintiff that day and gave her her instructions, had not told plaintiff of the step down into the den. Plaintiff said that when she started toward the kitchen, she thought all the floors were on the same level. There was no light burning in the den but she could see a dim light or reflection from the kitchen. She could not remember seeing anything in the den except a big object which was the bookcase she fell against; that after the accident Mrs. Fanoe told her several times it was Mrs. Fanoe's fault and that she should have pointed out the step to plaintiff. The floor of the den was the same color as that of the hall, a "light mahogany."

Plaintiff's injuries consisted of an impacted fracture of the neck of the right humerus near the shoulder. She was in the hospital about a week and had a cast on her arm for nearly a month. There is some restriction of motion in the shoulder joint. Movements are better than 50 per cent normal but no improvement may be expected. This will interfere with her employment as a practical nurse.

■ (1) *Was the finding of negligence in general terms insufficient* when, as here, the complaint alleged specific acts of negligence? **No.**

The complaint alleged and the court found that plaintiff was injured while acting within the course and scope of her employment by the defendants and at a time when the defendants were subject to the state workmen's compensation insurance and safety laws and had failed to comply with the provisions of section 3700 of the Labor Code requiring them as employers to secure the payment of workmen's compensation. Those facts brought into play the provisions of the statute (Lab. Code, § 3706) which authorized the bringing of this action. In such an action there is the statutory presumption "that the injury to the employee was a direct result and grew out of the negligence of the employer . . ." (Lab. Code, § 3708.)

Accordingly, the court found that plaintiff's "injury was a direct result and grew out of the negligence of the defendants." It is this finding which defendants claim is too general to qualify as a finding of fact, especially when the complaint alleged negligence in the specific terms of the abrupt and unguarded step down from hallway to den, inadequate illumination, knowledge thereof by the defendants and their failure to warn plaintiff.

But for the statutory presumption the questioned finding might be insufficient. It does not mention any act of the defendants which they negligently performed or any dangerous condition which they negligently created or suffered to develop. It has been said that "while negligence may be pleaded in general terms, the plaintiff must indicate the acts or omissions which are said to have been negligently performed. He may not recover upon the bare statement that the defendant's negligence caused him injury." (*Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97, 101 [114 P.2d 1].) The same would be true of a finding of fact. But in our case an exception must be recognized in view of the statutory presumption that the injury was the result of the employer's negligence. If upon a trial facts are proven which bring the statutory presumption into play and the evidence does not dispel the statutory presumption, it would seem quite appropriate to use the language of the statute when finding the employer negligent. Indeed, it would be virtually necessary to do so whenever the evidence neither dispels the presumption nor characterizes a particular act or omission of the defendant as negligent. "Ordinarily it is sufficient to frame a pleading in the language of the statute germane to the action." (*Quinn* v. *Mathiassen*, 4 Cal.2d 329, 332 [49 P.2d 284]. See, also,

*Fair* v. *Home Gas & Electric Co.,* 13 Cal.App. 589, 591-592 [110 P. 347].)

Accordingly, if defendants desired findings concerning specific acts of negligence alleged in the complaint, they should have made appropriate request therefor to the trial court. █ The record does not show that they made any such request and upon oral argument their counsel conceded that none was made. Their objection, now made upon appeal, comes too late. (*La Vigne* v. *La Vigne,* 96 Cal.App.2d 531, 535-536 [216 P.2d 75] ; *Haskins* v. *Certified Escrow & Mtg. Co.,* 96 Cal.App.2d 688, 690 [216 P.2d 90] ; *Matlin* v. *Crescent Commercial Corp.,* 93 Cal.App.2d 8, 12 [207 P.2d 873] ; *Tooke* v. *Allen,* 85 Cal.App.2d 230, 238-239 [192 P.2d 804] ; *Estate of Wacholder,* 76 Cal.App.2d 452, 456 [173 P.2d 359], and *Del Ruth* v. *Del Ruth,* 75 Cal.App.2d 638, 644-645 [171 P.2d 34].)

Defendants cite *Frascona* v. *Los Angeles Ry. Corp.,* 48 Cal. App. 135 [191 P. 968], as holding that a finding of negligence couched in general terms is insufficient in response to a complaint which alleges a specific act of negligence. That case does in fact so hold; i.e., that such a finding is not responsive to the issue tendered. The reported decision is silent on the question whether or not the defendant in that case had presented that point to the trial court. We deem it appropriate to follow the cases, above cited, in which the decision turned upon the fact that the point was being urged for the first time upon appeal. Defendants also cite *San Jose Abstract & Title Ins. Co.* v. *Elliott,* 108 Cal.App.2d 793 [240 P.2d 41], but that is a case in which a finding upon one of the material issues was entirely lacking.

█ (2) *Was the finding of negligence supported by the evidence?* We find that it was.

The statutory presumption "that the injury of the employee was a direct result and grew out of the negligence of the employer" (Lab. Code, § 3708) "in itself amounts to evidence, which raises a conflict, and may outweigh positive evidence adduced to rebut it. [Citation.]" (*Grady* v. *Canfield,* 9 Cal.App.2d 341, 342 [49 P.2d 902].) In addition, there was the evidence of the abrupt drop from the floor of the hallway to the floor of the den, inadequate lighting of the area, and the failure of the defendants to inform plaintiff of those conditions. Evidence tending to show that the lighting was adequate, or that plaintiff was reading a newspaper at the time (she denied that she was) merely created

a conflict which the trier of the facts resolved in favor of the plaintiff. Nor does the evidence that the differing floor levels were in conformity with safety laws and architectural practice demonstrate, as a matter of law, that defendants were not negligent (*Wukaloff* v. *Malibou Lake Mountain Club, Ltd.*, 96 Cal.App.2d 147, 151-152 [214 P.2d 832]).

Defendants direct attention to certain remarks made by the judge during the course of the trial and would infer therefrom that the judge tried the case upon some erroneous theory to the prejudice of the defendants. Defendants' position in this regard is not entirely clear. Their apprehension evidently stems from reading those remarks out of context. Those remarks were: "It seems to me there can be no negligence of the kind you claim in this case at all. You are limited to showing there is no negligence on the part of the owner. What she [plaintiff] knows and what she did is really of not much value," and "I think the examination is limited to whether she was hurt in the scope of her employment, not how." Viewed out of context these remarks might be difficult of comprehension but they were part of a discussion between court and counsel during the course of which the court also said "I mean her negligence is not a factor" and concluded "You are entitled to examine her [the plaintiff] under [C.C.P.] § 2055. I have explained myself on the situation, go ahead." Counsel for defendants did go ahead. The court was quite right in observing that contributory negligence was not a factor. "It is not a defense to the employer that the employee was guilty of contributory negligence . . ." (Lab. Code, § 3708.)

(3) *Defendants' claim that the statutory presumption of defendants' negligence was rebutted,* is based upon a theory that the presumption was overcome and dispelled when evidence contrary to the presumption was introduced. That is not the law.

A presumption is evidence. It remains in the case to be weighed with conflicting evidence and may support a finding in the face of contradictory evidence. (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 P. 529]; *Grady* v. *Canfield,* 9 Cal.App.2d 341, 342 [49 P.2d 902].) That is this case. None of plaintiff's evidence is "wholly irreconcilable with the presumption" which she invokes; hence, the presumption is not "dispelled," does not disappear from the case. (See *Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1, 9 [210 P. 269].) Here, also, there is evidence that

supports the presumption as well as some that tends to controvert it. Accordingly, the finding of negligence cannot be disturbed by a reviewing court.

█ (4) *Is there evidence to support the finding that defendants failed to secure payment of workmen's compensation* as required by section 3700 of the Labor Code? Defendants are precluded from raising this question.

At the very beginning of the trial, the court asked: "Any issue on the proposition whether the defendant had sufficient insurance?" Plaintiff's counsel responded "That has been determined, that he did not have it." Defendants' counsel said nothing. Thereupon the first witness was called and the trial proceeded and was conducted upon the theory that defendants had failed to secure payment of workmen's compensation. █ " '. . . When a case is tried upon the theory that certain facts exist, even though they are put in issue by the pleadings, their existence will be assumed on appeal.' " (*Handy* v. *Fitschen,* 9 Cal.App.2d 637, 640 [50 P.2d 1059]. See, also, *Meyer* v. *Guardian Trust Co.,* 296 F. 789, 791.)

█ (5) *Did the court abuse its discretion in granting a new trial limited to the issue of damages?* It did not.

The only evidence bearing upon the adequacy or inadequacy of the $2,000 award of general damages, to which defendants direct attention, is the opinion of defendants' medical expert that if plaintiff will exercise her arm in a normal fashion by nursing or housekeeping she will get 90 per cent of the normal function. They overlook other medical testimony to the effect that she has sustained permanently a 50 per cent loss of motion of the right arm and that this condition will limit and impair her opportunities for employment in the future. We cannot predicate an abuse of discretion upon that record.

█ Defendants further contend that the court should have modified the judgment under the authority given by section 662 of the Code of Civil Procedure instead of ordering a limited new trial. The mere fact that the court in its discretion chose one of two alternative remedies accorded by the law does not of itself spell an abuse of discretion.

The judgment, except as to the amount of damages, is affirmed. The order granting a new trial limited to the issue of damages is also affirmed.

Peters, P. J., and Bray, J., concurred.