[Civ. No. 17557.   First Dist., Div. Two.   Jan. 17, 1958.]

KATHRYN B. McKEE, Respondent, v. JAMES E. McKEE, Appellant.

Byers & Jacobs for Appellant.

Adams & Ersted for Respondent.

KAUFMAN, P. J.—The plaintiff, Kathryn B. McKee, and defendant, James E. McKee, were married on June 13, 1952, and separated on November 1, 1953. Plaintiff filed her original complaint for divorce on November 5, 1953, alleging one minor child, Michael, as the issue of the marriage. The parties resumed cohabitation and separated again on December 27, 1953. Plaintiff filed an amended complaint on August 1, 1955, alleging two minor children, Michael and David, born on October 24, 1954. By answer and cross-complaint, defendant denied that David was the issue of said marriage and alleged that the plaintiff was not the fit and proper person

to have custody of the first child, Michael. At the trial, the defendant dismissed his cross-complaint. The trial court, over plaintiff's objections, admitted the testimony of defendant's witness that the blood tests of the parties and the second child conclusively proved that the defendant could not be the father of David.

On May 7, 1956, the trial court rendered its memorandum decision and entered judgment accordingly, finding that: (1) the plaintiff was entitled to a divorce from the defendant on the grounds of extreme cruelty; (2) that the defendant is the father of Michael James McKee and David McKee; (3) the plaintiff is awarded the custody of the children; (4) defendant shall pay to plaintiff for the support and maintenance of the children; (5) plaintiff is not entitled to any support for herself from the defendant; (6) defendant shall pay the plaintiff her counsel fees.

This appeal is taken by the defendant from the portion of the interlocutory judgment of divorce awarding plaintiff the custody of the two minor children and ordering the defendant to pay for the support and maintenance of David, the second child. Defendant contends on appeal that because of an excessive period of gestation the conclusive presumption of legitimacy [Code Civ. Proc., § 1962, subd. 5] is not applicable here; that the trial court erred in not treating the blood tests as conclusive of the issue; and that the evidence showed that the plaintiff was not the proper person to have custody of Michael.

The evidence adduced at the trial is as follows: Both parties agreed that they lived together until December 27, 1953. The plaintiff testified that the last act of intercourse with the defendant occurred on December 24, 1953, and that she had no menstrual period after that time. On the basis of this testimony, David was born after a period of gestation of 304 days. This testimony alone is sufficient to sustain the finding that David was the child of the parties. The defendant testified that the last act of intercourse occurred in the middle of November 1953. Plaintiff admitted that she had had intercourse with one Don Fox on January 28, 1954. The defendant admitted he had been convicted of bigamy and had lied to the court in connection with that proceeding.

As the record does not indicate the basis of the trial court's findings, our function here is to ascertain only if there is any theory on which the findings of the trial court can be sustained. We think there is.

First, Code of Civil Procedure, section 1962, subdivision 5, provides as follows: "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate." The question is whether this conclusive presumption is applicable here. In *Estate of Walker*, 180 Cal. 478 at 491 [181 P. 792] our Supreme Court said: "The English rule would seem to go so far as to permit evidence of nonintercourse even when the parties are cohabiting, i.e., living together in the same house or apartments. Such is not the rule in this state . . . [T]he true rule in America, as well as England, is, we believe, that if it is possible by the laws of nature for the husband to be the father (that is, if there was coition and no impotency), no inquiry will be permitted into the probabilities of the case one way or the other, but the presumption of legitimacy is conclusive. . . ." Defendant here relies on *Estate of McNamara*, 181 Cal. 82 [183 P. 552, 7 A.L.R. 313], where the Supreme Court affirmed the rule as stated in the Walker case, but in applying it held that a period of gestation of 304 days was greater than is usual or normal, and that therefore the conclusive presumption was not applicable. There is, however, the question of the applicability of the disputable presumptions of Civil Code, sections 193 and 194, and Code of Civil Procedure, section 1963, subdivision 31, which are as follows:

"All children born in wedlock are presumed to be legitimate.

"All children of a woman who has been married, born within ten months after the dissolution of the marriage, are presumed to be legitimate children of that marriage.

"That a child born in lawful wedlock, there being no divorce from bed and board, is legitimate."

Defendant further contends that the evidence of the blood tests here proves that by the law of nature it is not possible for him to be the father and that they should be conclusive. As it has been clearly held in this state that blood tests showing nonpaternity are not conclusive (*Berry* v. *Chaplin*, 74 Cal.App.2d 652 [169 P.2d 442]; *Arais* v. *Kalensnikoff*, 10 Cal.2d 428 [74 P.2d 1043, 115 A.L.R. 163]), defendant relies on the Uniform Act on Blood Tests to Determine Paternity, Code of Civil Procedure, sections 1980.1-1980.7, adopted in this state in 1953. (Stats. 1953, ch. 1426, p. 3013.) This act is applicable " [i]n a civil action, in which paternity is a relevant fact. . . ." It has not been determined whether paternity is a relevant fact in a case like the instant one where the child's mother is married at the time of conception

and the husband denies paternity or whether the statute is limited to filiation proceedings where the child's mother is unwed. As the version of the statute adopted by our Legislature specifically excluded that portion of the act which provided that "The presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, show that the husband is not the father of the child," (U.L.A., vol. 9, p. 112) defendant's argument would appear to be without merit. Even assuming for the sake of argument that despite the above omission, the Legislature intended the act to apply to the instant situation, the blood tests here were not made by qualified court appointed experts as provided by the statute (Code Civ. Proc., § 1980.4) but only by defendant's witness.

In *Christman* v. *Christman* [July 19, 1957, Appellate Dept., Superior Court, No. 458051], the husband and wife had lived together on the possible date of conception, and the period of gestation was either 293 or 294 days. There the court concluded that although the conclusive presumption did not apply, the husband had not succeeded in producing clear and satisfactory proof to rebut the disputable presumptions quoted above, pointing out that the disputable presumptions could be overcome only by clear and satisfactory proof (*Estate of McMurray*, 114 Cal.App. 439 [300 P. 72]) and that in California a presumption was evidence which may outweigh positive evidence adduced against it. (*Goss* v. *Fanoe*, 114 Cal.App.2d 819 [251 P.2d 337]; *Napoli* v. *Hunt*, 141 Cal.App.2d 782 [297 P.2d 653].) The trial court here could have also reached its result on similar reasoning as the evidence relating to the blood tests was not excluded but admitted subject to plaintiff's objections.

██ There is no merit in defendant's final contention that the trial court erred in its finding that the plaintiff is a fit and proper person to have custody of Michael. Under Civil Code, section 138, a court in awarding custody is to be guided by the following considerations:

"(1) By what appears to be for the best interests of the child; and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question;

"(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be

given to the mother; if the child is of an age to require education and preparation for labor or business, then custody should be given to the father.'' We think the court here followed the declared public policy of this state.

In view of the foregoing we conclude that the judgment of the trial court finds ample support in the record before us.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 12, 1958. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.